## CUNNINGHAM *vs*. THE STATE OF GEORGIA.

1. Where an accusation was preferred in a county court, charging the defendant with an assault, and he waived indictment by the grand jury and demanded a jury trial in the county court, this amounted to an agreement to be tried under the provisions of the act regulating trials in the latter court, including the right of the judge of that court, if at any time during the progress of the trial he should be of the opinion that the evidence produced before him made the offence of a felony instead of a misdemeanor, to stop the trial at once and commit the defendant to jail, or require him to give bond for his appearance at the next term of the superior court. Therefore, where, pending the trial for an assault, the judge of the county court became satisfied from the evidence that the offence was that of assault with intent to murder, and over the protest of the defendant withdrew the case from the consideration of the jury, and bound him over to the superior court to answer for the latter offence, this furnished no ground for a plea of former jeopardy upon the trial of the defendant under indictment in the superior court.

2. Where the defendant made such an agreement or waiver, the effect was that the State also was bound not to prosecute him for the misdemeanor in any other court; and there was no error, upon his trial in the superior court under an indictment for assault with intent to murder, in charging that the jury could only con-

vict him of that offence, or of shooting at another not in his own defence or under circumstances of justification; and that they could not convict him of a misdemeanor.

March 3, 1888.

Criminal law. County courts. Constitutional law. Former jeopardy. Before Judge BOWER. Decatur superior court. November adjourned term, 1886.

Reported in the decision.

D. A. RUSSELL and O. G. GURLEY, for plaintiff in error.

W. N. SPENCE, solicitor-general, for the State.

SIMMONS, Justice.

Cunningham was indicted by the grand jury of Decatur county for the offence of assault with intent to murder. The second count in the indictment charged him with shooting at another not in his own defence or under circumstances of justification, according to the principles of the code. When the defendant was arraigned he pleaded not guilty, and filed special plea of former jeopardy. This plea averred

"that, at the September term, 1886, of the county court of said county, an accusation was duly made and filed against him for an assault; and that said court had full jurisdiction or authority over the defendant in the subject-matter of the charge; and that the defendant was, at said September term, placed on trial for said assault, and having waived arraignment, and having demanded a trial by the jury, and having in open court waived an indictment, a legal and qualified panel of jurors was put upon the defendant, as required by law, in said court; the jury were sworn to try the case and were legally empanelled; the witnesses were sworn and examined, and all the evidence in the case relied upon by the State was introduced, and the evidence closed on both sides. As the defendant's attorney was making the opening argument to the jury, the judge of the county court stopped him, and over defendant's earnest and urgent protest, withdrew the case from the consideration of the jury, and bound him over to the superior court of said county to answer to the charge of assault with intent to murder. The assault set out by the charge in the indictment was one and the same assault set out in the accusa-

tion; and the same evidence adduced against the defendant on the
trial in the county court was partly, if not entirely, the same evi-
dence relied upon by the State in this case."

This plea and the plea of not guilty were both submitted ·
to the jury at the same time; and under the charge of the
court, the jury found the defendant guilty. Whereupon
he made a motion for a new trial upon the several grounds
therein, which was overruled by the court, and he ex-
cepted.

The 3d ground of the motion is as follows: "Because
the court erred in holding and ruling that the plea of form-
er jeopardy, as filed by the defendant in said case, the
facts being admitted in open court, was insufficient to pre-
vent a trial in this court and in this case, as shown by the
charge of the court upon this question."

The 4th ground was, in substance, that the court erred
in charging the jury that they could only convict the de-
fendant·of an assault with intent to murder, or of shooting
at another not in his own defence, or under other circum-
stances of justification, and that they could not convict of
a misdemeanor. So the question for this court to deter-
mine is, whether the defendant has been put twice in jeop-
ardy without his own consent.

When a person accused of a crime is arrested and brought
before the county court judge for trial, the county court
act requires him, before he proceeds with the trial, to ask
the defendant (1) if he demands an indictment by the
grand jury. If the defendant waives the indictment, the
waiver is to be recorded on the minutes of the court. He
is then required to ask him (2) if he demands a trial
by jury. If he waives a trial by jury, this waiver is also to
be recorded on the minutes of the court. If he demands
an indictment by the grand jury, it is made the duty of the
court to commit him to jail, or bind him over to the next
term of the superior court. If he waives the indictment
and demands a trial by jury, the county court judge is re-
quired to summon a jury for his trial. In this case, it ap-

pears from the record that the defendant waived indict-
ment by the grand jury, which fact was recorded on the
minutes; and that he refused to waive trial by jury, and
that a jury was summoned and he was put upon trial.

The same act which contains these provisions also pro-
vides, in substance, that if at any time during the progress
of the trial the county judge should be of the opinion that
the evidence produced before him at the trial makes the
offence a felony instead of a misdemeanor, he should stop
the trial at once and commit the defendant to jail, or re-
quire him to give bond for his appearance at the next
term of the superior court. It appears from this record
that during the progress of the trial, the county judge,
after hearing the evidence, concluded that the evidence
made a case of an assault with intent to murder, or of
shooting at another, and stopped the trial, over the pro-
test of defendant's counsel, and bound the defendant over
to the next term of the superior court.

At his trial in the superior court upon the indictment
found for a felony, he filed a plea of former jeopardy, and
the court held, as set out in the 3d ground of the motion,
that the plea was invalid; and that is the main question
in this case.

1. We hold that the court was right in so deciding,
under the facts of this case. This defendant made the
waiver above alluded to with the knowledge and under-
standing that the law was, that if the county judge should
determine from the evidence that it was a felony and not
a misdemeanor, he would have the right to stop the trial
and bind the defendant over for a felony. It was the
same as if he had been specially asked by the court
whether he would agree, if the evidence disclosed that the
offence was a felony instead of a misdemeanor, that the
trial should be stopped and he should be bound over to
the next term of the superior court. This provision was
in the same act which required the judge of the county
court to ask the foregoing questions of the defendant.

Why is he not bound by this provision, just as he is bound by his waiver of indictment or trial by jury? The constitution guarantees him the right to have the grand jury pass upon his case before he shall be put upon his trial, and guarantees him the right of trial by jury upon the indictment thus found. If he can waive indictment by the grand jury, and trial by a traverse jury, why can he not make the other waiver which the act requires, to-wit, that when the facts show that the county court has no jurisdiction, he shall be bound over to the court that has jurisdiction? If he should waive indictment and trial by jury, and should be convicted by the judge, could he move an arrest of the judgment because the constitution guarantees him the right of indictment by the grand jury and the right of trial by jury? Would not the court hold that the judgment was valid, and that he could not set it aside on these grounds, and that he had waived it? If that be true, why is not the other agreement equally binding, to-wit, that the judge, when he ascertained that he had no jurisdiction to try the case, should stop the trial and commit the defendant or bind him over to the superior court? We think, therefore, upon principle, that the judgment of the court was right in holding the plea invalid.

2. But it is claimed that, even if this be true, the court erred in charging the jury that the defendant could only be convicted of a felony, and that the jury could not convict him of a misdemeanor. We think this charge was correct also, because the effect of the agreement or waiver as above discussed is that, where a defendant makes this agreement or waiver, the State is also bound not to prosecute him for the misdemeanor in any other court. The officer appointed by the State to determine these matters, had passed upon the question of whether the defendant was guilty of a misdemeanor or not when he decided that it was not a misdemeanor, and bound the defendant over. The State was then bound, in good faith, not to prosecute for the same offence in any other court, and agreed that

if the defendant made this waiver, he should stand acquitted of any lower offence. If, therefore, the State failed in the higher court to make out a case of felony, the jury should not have been permitted to find the defendant guilty of a misdemeanor; because, as said before, the action of the State's officer in binding the defendant over to a higher court, is a judgment that the defendant is not guilty of a misdemeanor. We therefore hold that this defendant had not been in jeopardy for the offence of shooting at another, of which the jury found him guilty, and which was a felony; that the county court had no jurisdiction of that offence, as was decided when it bound him over to the higher court. He was not in jeopardy for a misdemeanor in the higher court, because he had been acquitted and discharged in the lower court by the action of that court in binding him over.

Judgment affirmed.