## GORDON *v.* THE STATE.

The constitution of this State does not guarantee the right to demand indict-
ment by the grand jury in misdemeanor cases; and it therefore follows
that an act providing that the accused, in cases falling within the juris-
diction of a designated city court, shall not have the right to demand in-
dictment, is valid and constitutional.

Argued November 1, — Decided November 15, 1897.

Accusation of larceny from the house.    Before Judge Eve.
City court of Richmond county.    July term, 1897.

*Russell & Rosenfield,* for plaintiff in error.
*C. Henry Cohen,* solicitor, contra.

COBB, J.    Gordon was arraigned in the city court of Rich-
mond county, upon an accusation charging him with the offense
of larceny from the house.    Before pleading to the accusation,
he filed a written demand for an indictment by the grand jury
of the county of Richmond.    The presiding judge refused to
allow the demand, and the accused was convicted.    He ex-

43

cepted to the ruling of the judge refusing to allow the demand, and this is the error assigned.

The act creating the city court of Richmond county (Acts 1880–81, pp. 574–583) declares that any person arraigned in that court shall have the right to demand an indictment by the grand jury, provided he make the demand in writing before plea filed. The act amending the act to establish the city court of Richmond county (Acts 1893, p. 386) was approved December 11, 1893, and provides that, "In all criminal cases within the jurisdiction of the said city court, the defendant shall not have the right to demand an indictment by the grand jury of the county of Richmond." The refusal of the judge to allow the demand for indictment by the grand jury was based upon this act. It is contended by the accused that this act is unconstitutional and void, and that he was entitled to an indictment under the provisions of the original act creating the court. The grounds upon which this act is attacked are, first, that it is violative of the constitution of this State, because that instrument guarantees to every person charged with a crime an indictment by the grand jury; second, that it is violative of the 14th amendment of the constitution of the United States, in that it denies to a person charged with crime due process of law and the equal protection of the laws; and third, that it is violative of the constitution of this State, because it is a special law enacted in a case for which provision has been made by an existing general law. The provisions in the constitution of this State which are relied upon as establishing the right in the accused to demand an indictment by the grand jury are the following: "Protection to person and property is the paramount duty of government, and shall be impartial and complete." Art. 1, sec. 1, par. 2. Civil Code, § 5699. "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded; shall have compulsory process to obtain the testimony of his own witnesses; shall be confronted with the witnesses testifying against him; and shall have a public and speedy

trial by an impartial jury." Art. 1, sec. 1, par. 5. Civil Code, § 5702. "The right of trial by jury, except where it is otherwise provided in this constitution, shall remain inviolate, but the General Assembly may prescribe any number, not less than five, to constitute a trial or traverse jury in courts other than the superior and city courts." Art. 6, sec. 18, par. 1. Civil Code, § 5876. "The General Assembly shall provide by law for the selection of the most experienced, intelligent and upright men to serve as grand jurors, and intelligent and upright men to serve as traverse jurors. Nevertheless, the grand jurors shall be competent to serve as traverse jurors." Art. 6, sec. 18, par. 2. Civil Code, § 5877.

It will be seen from an examination of these paragraphs that in none of them is an indictment by a grand jury expressly referred to, and the sections quoted contain all that is in the constitution in reference to this matter. It therefore becomes necessary, in order to determine whether these provisions necessarily imply a constitutional right to demand an indictment in a misdemeanor case, to inquire into the mode of trial at common law. The methods of prosecution at common law at the suit of the King were three in number: first, presentment; second, indictment; third, information. The first two were based upon a previous finding of the grand jury, and differed from each other only in the manner in which they originated. The latter was a method of prosecution in which a previous finding by the grand jury was dispensed with, and the accused was placed upon trial upon a written accusation based upon information filed in the office of the prosecuting officer. While an indictment was used as a method of prosecution of persons charged with misdemeanors, as well as felonies, offenders whose crimes were less than felony were often placed on trial without an indictment and upon information alone. It may be safely asserted that at common law a person charged with a felony was secured the right to an indictment by a grand jury before being placed on trial; but such was not the case where the offense charged was less than a felony, except in the case of misprision of treason. 4 Bl. Com. 301 et seq.; Broom's Common Law, 9th London ed. pages 230–231, 1086–1087. It is true

that Lord Hale says: "That in all criminal causes the most regular and safe way and most consonant to the statutes of *Magna Charta* . . is by presentment or indictment of twelve sworn men." But he distinctly recognizes the difference between capital offenses and others, and while no person can be put upon trial for a capital offense except by indictment, such is not the case in offenses below the grade of felony. 2 Hale's P. C. c. 20, mar. pp. 148–151. In 2 Hawk. P. C. c. 26, pp. 356–357, we find it stated, in effect, that an information is allowed as a mode of prosecution for all offenses except capital crimes and misprision of treason. See also 1 Chitty's Crim. Law, p. 165.

So that at the time the first constitution of this State was adopted it seemed to be well settled at common law that a person charged with a misdemeanor only could be placed on trial without having been accused by a grand jury. In the constitution of 1777 we find the following provisions: "No grand jury shall consist of less than eighteen, and twelve may find a bill." "Freedom of the press and trial by jury to remain inviolate forever." Marbury & Crawford's Dig. pp. 12, 13. There is nothing further in this instrument in relation to the subject of prosecution for crimes. In the constitution of 1789 we find the same provision in reference to freedom of the press and trial by jury. The section in reference to the grand jury is entirely omitted. Marbury & Crawford's Dig. p. 17. In the constitution of 1798 we find the following provisions: "Freedom of the press, and trial by jury, as heretofore used in this State, shall remain inviolate, and no ex post facto law shall be passed." Marbury & Crawford's Dig. p. 30. The article in reference to the grand jury is omitted from this instrument also. Nowhere in any of these three papers do we find the rights of a person charged with a crime set forth in detail. We think it safe to conclude from an examination of these instruments that it was intended to preserve as a constitutional right that a person charged with a crime should have his guilt or innocence passed upon by a jury, but that all other matters in relation to prosecution would be governed by the rules of the common law, unless altered by statute. Therefore, when the constitution of 1861

was adopted, the laws of force in this State were such as were drawn from the common law and as altered from time to time by statute; in other words, prior to that constitution there was no guarantee that a person should have an indictment by a grand jury in any case where the right was not accorded him by the rules of the common law. The constitution of 1861 contained this language: "Every person charged with an offense against the laws of the State shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation, and with a list of the witnesses against him; shall have compulsory process to obtain the attendance of his own witnesses; shall be confronted with the witnesses testifying against him; and shall have a public and speedy trial by an impartial jury." Code 1863, § 4898. The constitution of 1865 contained the following provision: "Every person charged with an offense against the laws of the State shall have the privilege and benefit of counsel; shall be furnished, on demand, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded; shall have compulsory process to obtain the attendance of his own witnesses; shall be confronted with the witnesses testifying against him; and shall have a public and speedy trial by an impartial jury, as heretofore practiced in Georgia." Code 1868, § 4897. The provision of the constitution of 1868 relating to the same subject is in the following words: "Every person charged with an offense against the laws shall have the privilege and benefit of counsel, shall be furnished, on demand, with a copy of the accusation, and a list of the witnesses on whose testimony the charge against him is founded, shall have compulsory process to obtain the attendance of his own witnesses, shall be confronted with the witnesses testifying against him, and shall have a public and speedy trial by an impartial jury." Code 1873, § 4999. The provisions of the present constitution in relation to this matter are quoted above. While the language in the extracts which are quoted is not identical as to all matters, it will be seen that the word "accusation" is to be found in every one, and it is to be also noticed that the word "indictment" is not to be found in any of them. At the time the constitution of

1861 was adopted, the form of accusation against a person charged with crime, allowable in this State, was one or the other of the methods authorized by the common law, and the use of the word "accusation" in the present and former constitutions must have been intended to preserve the existing condition of affairs at the time that this provision entered into the fundamental law of the State. If it had been the intention of the framers of these various instruments to have limited the method of prosecution in this State to the one form of indictment, they would certainly have used this word of limited meaning, and not have adhered continuously to the use of the term "accusation," which is so much broader in its signification. When the constitution of 1868 was of force, the General Assembly established a city court for the city of Atlanta, and in the act creating the court was the following provision: "Defendants in criminal causes shall be tried on written accusations setting forth plainly the offense charged, founded on affidavit containing the name of the accuser, and signed by the solicitor-general." Acts 1871, p. 61. After the constitution of 1877 was adopted, an accusation in this court was preferred against a person, charging him with the offense of bastardy. Upon being arraigned he demurred to the accusation, on the ground "that said court had not jurisdiction of the offense charged, except upon an indictment by a grand jury." The demurrer was overruled, and this court affirmed the judgment, holding that the offense charged "being a misdemeanor, it could be tried under an accusation in that court without the necessity of an indictment." *Darden* v. *State*, 74 *Ga.* 842.

In the case of *Gardner* v. *State*, 81 *Ga.* 144, where the accused was arraigned in the city court of Atlanta on an accusation, a motion in arrest of judgment was made upon the ground that there was no indictment found by the grand jury, and that the verdict was a nullity. The denial of this motion was made one of the grounds of a motion for a new trial; and this court held that that was not a proper method of bringing the question here, and refused to pass upon it; but Chief Justice Bleckley in the opinion says: "We can make no authoritative ruling upon it, but if we could, the question would be found

to be settled against the point in *Darden* v. *State*, 74 *Ga.* 842. The identical question was there decided with reference to bastardy; and it would seem that adultery would be as subject to trial on accusation as bastardy. They are both misdemeanors, and the act organizing the city court of Atlanta provides expressly for this mode of prosecution." The decision in *Darden's* case seems to be conclusive on the point, but if it is not, there is no difficulty in holding, as an original proposition, that the constitution of this State does not guarantee to a person charged with a misdemeanor the right to demand an indictment by the grand jury. The right to make such demand not being a common-law right, the accused would not have the right under the constitution to make the demand, unless the constitution in express terms declared that such right existed. The constitution does not so expressly declare, and we think it can be shown that not even by implication does such right exist. If any implication is raised, it is from the sections first above quoted. It is contended that the right is impliedly given in that portion of the constitution which provides that a person charged with an offense against the laws of this State shall be furnished with "a list of the witnesses on whose testimony the charge against him is founded." The term "accusation" is a broad term; it includes indictment, presentment, information, and any other form in which a charge of a crime or an offense can be made against an individual. The term, as used in our law in reference to trials in courts having jurisdiction in misdemeanor cases, is but the equivalent of an information at common law; and therefore we find that the constitution uses this term in its broad and unrestricted sense, while, when the term is used in reference to the form in which the charge is made in the courts having jurisdiction of misdemeanors, it is used in its limited and restricted sense, or a method of prosecution different from an indictment or presentment. The constitution therefore guarantees to every person charged with a crime that he shall have a copy of the "accusation," of whatever form it be, whether presentment, indictment, or accusation; but if it be of that character which is called indictment or presentment, then, in addition to the

copy of such accusation, the accused is entitled also to a list of the witnesses upon whose testimony the grand jury founded the charge. The constitutional guarantee of trial by jury does not include the right to demand an indictment by the grand jury. At common law a person placed on trial on information was entitled to a trial by jury. "The same notice was given, the same process was issued, the same pleas were filed, the same trial by jury was had, the same judgment was given by the same judges, as if the prosecution had originally been by indictment." 4 Bl. Com. 310.

Neither can the right to demand an indictment be inferred from the fact that the constitution prescribes the qualifications of grand jurors. The section in which this is set forth can not, in any way, be construed to define the powers or duties of the grand jury, but all such matters are left to the discretion of the General Assembly. As the right to demand an indictment did not exist at common law, it can not be said that such right is guaranteed under the general words in the constitution which declare that protection to person and property is the paramount duty of government, and shall be impartial and complete. But it is contended that this court has from time to time recognized indictment by a grand jury as the right of the accused; and the cases of *Boon* v. *State*, 1 *Kelly*, 618, *Mitchum* v. *State*, 11 *Ga.* 615, and *Rafe* v. *State*, 20 *Ga.* 66–7, are cited to show this. It is true that in all of these cases the judges who delivered the opinions make use of a number of expressions which would indicate that an indictment by a grand jury was a necessary prerequisite to placing a person on trial for a crime in this State. So far as those cases are concerned, they were dealing with felonies; and therefore the discussion related to a question not now before us; and further than that, in each case the person had been indicted, and therefore whatever was said by the judge was merely obiter and not binding as authority. In the case of *Cunningham* v. *State*, 80 *Ga.* 8, the present Chief Justice uses the following language: "The constitution guarantees him the right to have the grand jury pass upon his case before he shall be put upon his trial, and guarantees to him the right of trial by jury upon the indictment thus found."

The question of the right of the accused to demand an indictment was not involved, the question before the court being whether the county court act was constitutional in so far as it provided, that if the evidence shows a felony to have been committed, the trial should be stopped and the acccused bound over to the superior court to answer for the offense. The question now before us not being in that case, the language of the Chief Justice is of course not binding as authority. In his discussion of the case he gave expression to an opinion that an indictment was guaranteed by the constitution to a person charged with crime, and in this opinion all the members of the court as it is at present constituted concurred with him at the time he used the expression. Our investigation of the question in this case has disclosed to us that we were all in error. In the case of *Bird* v. *State*, 50 *Ga.* 585, the decision was rendered while the constitution of 1868 was of force, and the court held that the constitutional provision in reference to the rights of persons charged with crime placed felonies and misdemeanors on the same footing as to the right to a copy of the accusation and list of witnesses. There is nothing in this ruling in conflict with what we now decide. If a person charged with a misdemeanor is indicted by the grand jury, he has a constitutional right to demand a copy of the indictment and a list of the witnesses, but he has not the right to demand indictment by the grand jury in order that he may have a list of witnesses. Nor is the ruling in *Inman* v. *State*, 72 *Ga.* 276, that the words, "on whose testimony the charge against him is founded," are equivalent to the words, "the witnesses who gave testimony before the grand jury," in conflict with the decision in the case under consideration. If the accused is put upon trial upon an accusation preferred by the grand jury, no matter what the grade of his offense, he is entitled to a list of the witnesses sworn before the grand jury.

As the act of 1893, which provided that persons charged with misdemeanors in the city court of Richmond county should not have the right to demand an indictment by the grand jury, is not in violation of any provision of the constitution of this State relating to prosecution for crime, the next question to be con-

sidered is whether the act in question is violative of any provision of the constitution of the United States. The 5th amendment to the constitution of the United States provides that "no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury." This provision does not conflict with the view we have taken, for two reasons: first, it is but declaratory of the common law, and does not guarantee an indictment in misdemeanor cases; and second, if it did, it is only a limitation upon the powers of the general government, and has no bearing upon State legislation. But it is said that this act is in conflict with that portion of the 14th amendment to the constitution of the United States, which is in the following words: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." In the case of Hurtado v. Cal., 110 U. S. 516, the accused had been tried in the State of California upon an information charging him with the offense of murder, and upon conviction had been sentenced to death. The court had under consideration a provision in the constitution of the State of California, adopted in 1879, which was as follows: "Offenses heretofore required to be prosecuted by indictment shall be prosecuted by information, after examination and commitment by a magistrate, or by indictment, with or without such examination and commitment, as may be prescribed by law." When a person had been examined and committed by a magistrate in the manner prescribed in the constitution, the statute provided that within thirty days thereafter an information was to be filed in the superior court of the county in which the offense was triable. The information was to be had in the name of the people of the State of California, to be subscribed by the district attorney, and to be in form similar to an indictment for such an offense as was charged. The accused had been convicted under the procedure authorized by this statute. The court held that the words "due process of law," in the 14th amendment to the constitution of the U. S., do not necessarily require an indictment by a grand jury in a prosecution by a State for murder. Mr. Justice Matthews, at

the conclusion of an elaborate and carefully prepared opinion, uses these words: "Tried by these principles, we are unable to say that the substitution for a presentment or indictment by a grand jury of the proceeding by information, after examination and commitment by a magistrate, certifying to the probable guilt of the defendant, with the right on his part to the aid of counsel, and to the cross-examination of the witnesses produced for the prosecution, is not due process of law. It is, as we have seen, an ancient proceeding at common law, which might include every case of an offense of less grade than a felony, except misprision of treason; and in every circumstance of its administration, as authorized by the statute of California, it carefully considers and guards the substantial interests of the prisoner. It is merely a preliminary proceeding, and can result in no final judgment, except as a consequence of a regular judicial trial, conducted precisely as in cases of indictments." In this case Mr. Justice Harlan dissented. An examination of his dissenting opinion will disclose the fact that it is merely based upon his view that "due process of law" included the right to have an indictment preferred when the person is charged with a felony, and he practically concedes that this expression would not be held to include the right to demand an indictment in a misdemeanor case. The decision in the case was concurred in by all of the other members of the court, except Mr. Justice Field who did not take part in the decision. See also Pomeroy's Const. L. § 256 (p). If a proceeding by information is due process of law, it can not be successfully contended that a person who is proceeded against in this manner is not given the equal protection of the laws because another person in the same jurisdiction, charged with a more serious offense, may have the right, under existing laws, to demand an indictment by the grand jury. Under the laws of force in this State at this time, every person charged with a felony has the right to demand an indictment or presentment by a grand jury before he shall be required to answer the charge. This was his right at common law, and there is nothing in any constitution which has ever been of force in this State, or in any statute which has ever been passed, which has attempted to impair or take away this right.

Whether the present constitution insures to him such right, or whether the General Assembly may, in their discretion, take it away, are questions not made in this record. But where the accused is charged with a misdemeanor only, he can be placed on trial without an indictment or accusation by the grand jury, if the General Assembly shall so declare. He could be thus tried at common law. No constitutional provision of this State has ever changed or altered the common law, and the discretion of the legislature to deal with such matter is absolute and complete.

The only question made in the record remaining to be considered is, whether the act under consideration is unconstitutional as being contrary to the provisions of art. 1, sec. 4, par. 1, of the constitution (Civil Code, § 5732), which declares that "no special law shall be enacted in any case for which provision has been made by an existing general law." In disposing of this question it is only necessary to state that there is no general law of force in this State in reference to the jurisdiction, powers, procedure, and practice of city courts, and that city courts are expressly excepted from the provisions of the constitution which require uniformity in regard to such matters. Art. 6, sec. 9, par. 1 (Civil Code, § 5859); *Adam* v. *Cohen*, 84 *Ga.* 725. *Judgment affirmed. All the Justices concurring.*