### 5136.  SMITH *v.* THE STATE.

1. No error appears in the rulings of the trial judge on the admissibility of evidence; and the objections made to excerpts from the charge of the court are without merit, when considered in connection with the instructions as a whole.

2. The trial judge clearly and fully presented to the jury the contentions of the accused.

3. No error of law appears, and the verdict was fully supported by evidence.

DECIDED OCTOBER 28, 1913.

Indictment for forgery; from Chatham superior court—Judge Charlton.  July 21, 1913.

*P. W. Meldrim,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

HILL, C. J.  James B. Smith was convicted in the superior court of Chatham county on an indictment containing two counts.  The first count charged him with the offense of forging a certificate of stock, fully described in the count, and the second count charged him with falsely and fraudulently uttering and publishing as true the forged instrument described, with intent to defraud the Commercial Bank of Savannah.  On the trial the State abandoned the first count of the indictment, on the ground that the actual forgery of the instrument described did not take place in Chatham county.  The jury found the accused guilty on the second count, and, his motion for a new trial being overruled, he excepts.  The forged instrument alleged to have been uttered and published as true was a certificate of stock issued by the Merchants and Farmers Bank of Claxton, Ga.  It was alleged that the forgery consisted in altering the figure "5" on the face of the certificate to the figures "25," and the wɔrd "five" on the face of the certificate to the words "twenty-five," and the figure "5" on the reverse side of the certificate to the figures "25."  It was proved that the certificate thus altered, which was apparently a certificate for twenty-five shares of the bank, was presented by the accused to the Commercial Bank of Savannah and a loan procured thereon by him from the bank for the sum of $4,000, and it was shown both by the confession of the accused, repeatedly made, and by other evidence, that he had made the alterations in the stock certificate as alleged, raising the number of shares from five to twenty-five, as alleged in the indictment.  The introduction in evidence of the alleged forged stock certificate was objected to by the accused on the ground that there was no assignee mentioned in the transfer on the back of the certificate of stock.  It appeared that the transfer on the back of the certificate was in the following form: "For value received————hereby sell, assign and transfer unto —————————————shares of the capital stock represented by the within certificate, and do hereby irrevocably constitute and appoint—————————————to transfer the said stock on the books of the within named corporation with full power of substitution in the premises.  Dated————————, 19———." Signed: J. B. Smith, and attested.  The certificate itself was in the following language:  "Incorporated under the laws of the State of Georgia, No. 108.  Shares 25.  Merchants and Farmers Bank, Claxton, Ga.  Capital, $25,000.00.  This certifies that J. B. Smith is the

owner of twenty-five shares of one hundred dollars each of the capital stock of the Merchants and Farmers Bank, transferable only on the books of the corporation by the holder hereof in person or by attorney upon surrender of this certificate properly endorsed. In witness whereof the said corporation has caused this certificate to be signed by its duly authorized officers and to be sealed with the seal of the corporation this 12th day of March, A. D. 1912. [Signed] S. P. Smith, President. J. B. Smith, cashier [Seal of Bank]."

It is insisted by learned counsel for the plaintiff in error that stock in a corporation is a chose in action, and that under the code of this State, § 3653, an assignment of a chose in action must be in writing, and to constitute a valid legal assignment there must be an assignor who gives title, and an assignee to take title at the time the assignment is made, and both must be named in the assignment, and that here there is no assignee mentioned, nothing mentioned as being assigned, and no date of the assignment given, the words "Dated————————, 19——" constituting no date. It is to be borne in mind that the stock certificate was issued to James B. Smith, certifying that he was the owner of five shares of stock in the Merchants and Farmers Bank of Claxton, Ga. He signs the assignment as assignor, and delivers the stock certificate thus signed by him to the bank as security for a loan of $4,000. Even if this were a civil suit on the assignment, parol evidence would be admissible to prove the name of the assignee, and the date of the assignment. The writing itself would be sufficient to show that the stock certificate was the instrument or chose in action assigned by James B. Smith, to whom it had been issued by the corporation. The charge in the indictment is that James B. Smith altered this certificate of stock by raising the number of shares from five to twenty-five as stated in the indictment; and, as before stated, this was clearly proved; but this count of the indictment was abandoned by the State because the actual forgery in the raising of the number of shares from five to twenty-five was committed in some other county than that of Chatham. The second count, however, alleges distinctly that James B. Smith "did falsely and fraudulently utter and publish as true" this forged instrument, describing specifically the character of the forgery, knowing that this writing or stock certificate was falsely and fraudulently altered as described, "with

the intent then and there to defraud the Commercial Bank of Savannah, the same being a banking corporation organized and existing under the laws of the State of Georgia." These are the essential allegations made by the second count, and they are sufficiently proved. This being true, it was wholly immaterial whether the transfer on the back of the certificate of stock was technically complete or not. The forgery of the certificate exactly as described, the uttering and publishing as true exactly as alleged, and the perpetration of the fraud upon the Commercial Bank of Savannah, by uttering and publishing as true the forged instrument, were also clearly shown; and in our opinion, these facts having been shown, the accused was guilty on the second count, and it was wholly immaterial that the transfer on the back of the certificate of stock was incomplete in the particulars claimed. The forgery and the fraud were accomplished by the unlawful conduct of the accused as specifically alleged in the indictment, and as clearly shown.

The judge, after charging the jury in the language of the statute in ·reference to the prisoner's statement at the trial, and telling the jury that they might believe the statement in preference to the sworn testimony in the case, added the words "provided you believe it to be true." It is insisted that this additional charge was not authorized by the statute, and had the effect of intimating a doubt on the part of the court as to the truth of the prisoner's statement. While the Supreme Court and this court have repeatedly admonished the trial courts that it is best to charge on the prisoner's statement in the language of the code without additional words, yet this court in *McCullough* v. *State,* 10 *Ga. App.* 403 (73 S. E. 546), has expressly ruled that the addition of the words objected to here was not reversible error.

The following excerpt from the charge is objected to: "If you should find, beyond a reasonable doubt, that the defendant fraudulently uttered, published, passed, or tendered, the paper described in the bill of indictment, knowing that the said writing had been falsely and fraudulently altered, with intent to defraud the person alleged in the bill of indictment, then he would be guilty under the second count in the indictment." It is insisted that this charge was error because the indictment does not charge the defendant with having passed or tendered the paper described in the bill of indictment. Section 245 of the Penal Code of 1910,

under which this indictment was framed, in describing the offense, uses the following language, "If any person shall fraudulently make, sign, forge, . . or shall fraudulently utter, publish, pass, or tender the same," etc. While the indictment charged only that the accused "did falsely and fraudulently utter and publish as true," it certainly could not be erroneous for the court, in describing the offense, to use the exact words of the statute. But it is manifest that this objection is without merit because the words "pass or tender" are synonymous with the words "utter and publish." If the accused uttered the forged instrument, he published it. If he passed it, he uttered and published it; and if he uttered and published and passed it, he necessarily tendered it. The judge's use of all four of the words used in the statute, descriptive of the publication of the instrument by the accused, while unnecessary, since one would have been sufficient, certainly did not constitute an error.

The following excerpt from the charge of the court is excepted to: "If you find when it was signed, for instance, it was for five shares of stock, as contended by the State, and was subsequently raised or altered by the defendant to make it twenty-five shares of stock, and that was done fraudulently, then that would be a forgery, under the law of Georgia—if it was done falsely and fraudulently, with intent to defraud any person, and if that paper, so altered by him (if you find it was so altered), was uttered, published, or passed, or tendered by him for the purpose of defrauding the person named in the bill of indictment, then that would be uttering a forged instrument." The objection made to this charge is that the words "with intent to defraud any person" lay down a wrong rule of law, the indictment specifically alleging that the intent was to defraud the Commercial Bank of Savannah. Taking the excerpt as a whole, it is perfectly apparent that the jury could not have been misled by the use of the words "any person." This is especially shown by the fact that when charging concretely upon the second count in the indictment, upon which the conviction was had, the court specifically charged the jury that any uttering and passing of the forged instrument must be for the purpose of defrauding the person named in the indictment; and the person named in the indictment was the Commercial Bank of Savannah.

The 5th and 6th grounds of the amended motion are fully covered by what is held in preceding divisions of this opinion.

In charging on the probative value of evidence of good character, the trial judge used the following language: "When the guilt of the accused is made to appear to the satisfaction of the jury, they are authorized to convict, regardless of the good character of the accused, but the jury have the right to consider his good character, not merely when his guilt is doubtful under the other evidence in the case, but when such testimony of good character may itself generate the doubt." It is alleged that the use of the words "to the satisfaction of the jury" were erroneous, in that it placed upon the accused too heavy a burden, because it was only necessary to raise a reasonable doubt as to his guilt in the minds of the jury. The judge had previously charged fully as to the doctrine of reasonable doubt, and it was not necessary for him to repeat the charge on that subject; indeed, the charge specifically objected to, in effect, tells the jury that if the evidence of good character is sufficient to generate a doubt of guilt, then they should acquit the accused.

After giving the case careful consideration, we are satisfied that no error of law was committed on the trial, and that the verdict is fully supported by the evidence.        *Judgment affirmed.*