### 32850. MALLORY v. MALLORY.

BOWLES, Justice.

Appellee wife filed suit for divorce and alimony against appellant husband in Fulton Superior Court. A temporary order was entered in that case providing in part that the husband was to pay all the bills set forth on his affidavit put in evidence that day. Upon husband's motion to modify, the court subsequently amended its initial order by requiring the defendant to keep current the indebtedness set forth in his affidavit. No appeal was taken from either order.

The wife filed a rule for contempt against the husband requesting the court to require him to comply and abide by each and every provision of the court's temporary order. Following a hearing, the court found that the husband owed certain specific amounts to specific creditors as of the date of the court's order and concluded that these were obligations which the husband had been ordered to pay on behalf of the wife in the temporary order as amended. It determined that the amount involved totaled $3,436.97. The court reserved for later determination the issue of whether the contempt found in the order was wilful, and also reserved a ruling on attorney fees in regard to that hearing.

The appellant husband appeals to this court enumerating as errors that the court's finding modified its previous temporary order; that he was not afforded the statutory notice of a motion to modify; that the court's order amounted to a final determination of a fact issue in the main case; and that the court's temporary order, as amended, was too uncertain and indefinite to be enforced and was outside the authority of the court to grant. We disagree and affirm.

No transcript was filed or included in the record on appeal. Therefore, the evidence presented to the trial judge, and the sufficiency thereof cannot be considered by this court. The temporary alimony order as modified is sufficiently definite and certain to be enforceable. We conclude that the court's order appealed from was not an attempt by the trial judge to modify a previous order but was a finding of fact that the appellant owed the designated amounts under the prior order of the court requiring him to keep current the indebtedness set forth in his affidavit. This being true there was no modification of an order; the appellant was not entitled to any statutory notice; and the court's order was not a final determination of a fact issue in the main case. Without a transcript of the evidence presented, we will in keeping with very old authority in this state presume in favor of public officers, in the absence of all proof to the contrary, that they discharged their duty in compliance with the law. *Doe v. Peeples,* 1 Ga. 1 (1846). Also see *Anderson v. Anderson,* 235 Ga. 115 (218 SE2d 846) (1975).

We are unable to conclude that the appeal in this case is frivolous and has been brought for delay only. Therefore, appellee's request to impose a penalty is denied.

*Judgment affirmed. All the Justices concur, except Hill, J., who dissents on the disallowance of a penalty.*

ARGUED OCTOBER 12, 1977 — DECIDED OCTOBER 25, 1977.

*Novy & Rumsey, Eugene Novy, Penelope W. Rumsey,* for appellant.

*Kingloff, Clifford & Travis, J. Stephen Clifford,* for appellee.