## 65327. EVANS v. THE STATE.

QUILLIAN, Presiding Judge.

Harold "Speedy" Evans appeals the trial court's denial of his "Supplemental Extra-Ordinary Motion for New Trial." *Held:*

This is the second appearance of this case before us. See *Evans v. State,* 161 Ga. App. 468 (288 SE2d 726). In the first appeal, Evans was convicted of theft by receiving stolen property, possession of a motor vehicle with altered identification numbers, conspiracy to commit theft by receiving stolen automobiles, and conspiracy to possess motor vehicles with altered identification numbers. We reversed the convictions of two counts alleging conspiracy which had merged into the completed offenses and remanded the case for resentencing. On the date defendant was resentenced, counsel filed an Extraordinary Motion for New Trial and thereafter amended it to state an additional ground. Counsel alleges that one of the state's witnesses mistakenly gave the jury a date of October 1979 as the day on which her car had been stolen, when in fact he now has newly discovered evidence which shows she reported it stolen in October 1978. He argues that this wrong date caused Evans' testimony to be unbelievable because it was proven that he obtained a new title for the car in early 1979, months before it was stolen.

The remaining basis for a new trial was an affidavit by Farrish Holbrook, the state's principal witness, who testified that he and Evans were involved in changing the identification numbers on stolen automobiles. Holbrook testified that he would purchase a demolished automobile and contact one of several men he knew to request them to steal a car of the same make and model. He would take the stolen car and remove its visible identification numbers and replace them with the identification number from the demolished

auto and create a new title for such vehicle by requesting the state to issue a title in the number of the demolished vehicle as if he had rebuilt the wrecked automobile. Defendant's motion contained an affidavit of Holbrook in which he stated that he had made a deal with the county investigator, the county sheriff, and the district attorney, that in return for his confession and testimony against Evans that he would receive a sentence of 15 years — 5 to serve. He also said that because of harassment to his family, and threats upon his life, he "wasn't sure of my rights nor of my status and safety. This caused several statements to get brought into the case that weren't exactly correct. I am not saying in this statement that I intentionally perjured myself at the trial, I am simply saying that I didn't exactly understand the proceedings [sic] I testified as to how I had been instructed to do so. Some of the things may have been incorrect." The motion was denied.

Counsel for defendant, in a motion for extension of time to file a transcript of the hearing on the motion, stated: "In order to expedite this matter, counsel has filed an Amended Notice of Appeal in order to omit said transcript from the record and, instead, rely on the transcript of proceedings in the trial and subsequent motions, briefs and orders." The amended notice of appeal did direct the Clerk to omit the transcript of the hearing on the motion.

On appeal counsel argues that the original trial was "a contest of the believability of Holbrook vs. Appellant" and that the withholding of this information of the deal promised the defendant by the State was in violation of Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) and Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104). In Giglio, the Supreme Court found a violation of due process where the jury was not informed of the fact that a key witness for the government against the defendant was promised immunity from prosecution. They found that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence.' nondisclosure of evidence affecting credibility falls within this general rule" . . . that "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.' " 405 U. S. at 153 and 154.

However, in the instant case, we do not have a transcript of the hearing which decided this issue, and the finder of fact, the trial court, found insufficient reasons for the grant of a new trial. Without a transcript "there is nothing for the appellate court to review. [Cits.]" *Zachary v. State,* 245 Ga. 2, 4 (262 SE2d 779). "In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing supported the findings of the court." *Moore v. State,* 151 Ga. App. 413, 415 (260 SE2d 350); *Smith v. State,* 160 Ga.

App. 26, 27 (285 SE2d 749).

Turning to the matter of the newly discovered evidence that Ms. Stinnett mistakenly testified as to the wrong year in which her car had been stolen, we find that such evidence affects only her credibility. In *Bell v. State,* 227 Ga. 800, 805 (183 SE2d 357), the Supreme Court discussed the six criteria to be used in deciding whether a defendant is entitled to a new trial on the basis of newly discovered evidence. The last criterion was that a new trial will not be granted if the only effect of the evidence would be to impeach the credit of a witness. The trial court did not err in refusing to grant a new trial on the basis of this evidence.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

Decided April 6, 1983 —
Rehearing denied May 13, 1983.

*Joseph M. Salome, Steven W. Ludwick,* for appellant.
*Rafe Banks III, District Attorney,* for appellee.