## S90A0182. GILLESPIE v. GILLESPIE.

### (388 SE2d 688)

BENHAM, Justice.

We granted the application for discretionary appeal in this case to consider whether the trial court erred in awarding a one-half interest in certain real estate to the wife. The judgment entered by the trial court did not specify whether the award to appellee of an interest in the real estate was alimony or an equitable division of property. Appellant contends here, as he did at the hearing on his motion for new trial, that the award was erroneous if it was an award of alimony because the petition did not contain a prayer for alimony, and was erroneous if it was an equitable division of the property because the land in question was his separate property. At the hearing on the motion for new trial, appellant's counsel argued that appellant's testimony would show that the property was his; appellee's counsel stated that appellee had testified at the final hearing that she had paid appellant for a one-half interest in the property. The trial court noted that it could not remember the evidence, but that it would not have awarded alimony in this case and that it was aware that property which was separate property of one spouse could not be equitably divided.

"The burden is on the party alleging error to show it affirmatively by the record. [Cits.]" *Shepherd v. Shepherd*, 225 Ga. 455 (3) (169 SE2d 314) (1969). It is clear from the foregoing statement of the case that the error appellant urges requires a consideration of the evidence. Unfortunately for appellant, there is no transcript of the final hearing.

> Without a transcript of the evidence presented, we will in keeping with very old authority in this state presume in favor of public officers, in the absence of all proof to the contrary, that they discharged their duty in compliance with the law. *Doe v. Peeples*, 1 Ga. 1 (1846). [Cit.] [*Mallory v. Mallory*, 240 Ga. 63, 64 (239 SE2d 384) (1977).]

We presume, therefore, that the evidence supported a finding that the real estate at issue was marital property and that the trial court awarded appellee a one-half interest as an equitable division of property.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 28, 1990.

*Gregory M. Perry*, for appellant.

*Walter B. Harvey*, for appellee.