A90A1963. GAY v. THE STATE.
(403 SE2d 895)

POPE, Judge.
Defendant Travis Gay was convicted of aggravated assault, pos-

session of a firearm during the commission of a crime and discharging a firearm on or near a highway. He appeals from the denial of his motion for new trial. We affirm.

Construed so as to support the verdict, the evidence adduced at trial shows the following. On May 21, 1989, at about 2:00 p.m. the 88-year-old victim, Mr. John Wall, was traveling in a wooded area along Highway 135 near Naylor, Georgia, in Lowndes County. Wall saw something in the road and stopped to investigate; he found a bucket filled with rocks and sand which he moved to the side of the road. Wall then got back in his truck and resumed his trip; however, after traveling a short distance (115 to 120 yards) he heard a blast and observed his rear window had been blown out. He felt a burning in his shoulder and saw blood running down his back. Wall drove to the nearest house and from there was transported to the local hospital for treatment of what was determined to be a gunshot wound to the back of his chest.

Although the victim did not see the person who shot him, several residents who lived nearby (near the intersection of Robinson Circle and Old State Road on Hwy. 135) testified that about the time the incident occurred they saw a black male walking south carrying something that looked like a stick or a gun. The witnesses further testified that the person they saw acted suspicious because he kept walking into the woods and then back out onto the road.

Law enforcement officials who investigated the incident testified at trial that they found extremely fresh, isolated footprints near where the shooting occurred. According to investigators the person making the prints was wearing Reebok athletic footwear (the logo was visible in the prints). Officers began following the footprints, which veered at certain intervals into the adjacent woods. Continuing to track the footprints visually, and with the aid of a dog tracking by smell, the officers turned west on Robinson Circle, then south on Grand Bay Road and proceeded towards Hwy. 84 until they came to a house. Officers knocked on the door and defendant, who was wearing a pair of Reebok athletic shoes, answered the door. Defendant was taken into custody and a .22 caliber rifle was taken from his home.

While in custody defendant made both written and oral statements to the officers. Defendant, who said he was looking for his lost wallet, admitted that he had been walking in the area where the shooting occurred and that he had a rifle with him at that time. Defendant also confirmed that he was the person the residents of the area saw walking down the road and that he ducked into the woods when he saw them. Defendant stated he got bored so he set up a bucket in the road and started taking "pot" shots at it. According to defendant's statement, the victim then came along in his truck and got out and moved the bucket and that "for some reason at that point

[defendant] shot at the truck." In his written statement defendant also stated that he shot at the truck as it passed.

1. Defendant argues the trial court erred in denying his motion for mistrial urged on the basis that the trial court impermissibly allowed Deputy Adkins to testify concerning an oral in-custody statement made by defendant because the State failed to furnish him that statement prior to trial as mandated by OCGA § 17-7-210. According to the assertion the prosecutor made at trial in response to defendant's motion, the State provided defendant with all his oral and written in-custody statements when he was arraigned on July 25, 1989. Defendant filed a motion in limine to exclude his oral and written statements and a motion for disclosure pursuant to OCGA § 17-7-210 on August 1, 1989. Although no transcript of the hearing appears in the record on appeal, a hearing was held on defendant's motions on August 22, 1989, and defendant's statements apparently were found to be admissible at trial. According to the prosecutor's statements at trial, Adkins testified at this hearing concerning the statements defendant now complains of on appeal. Defendant contends, however, that he was never provided with a copy of this particular statement.

We find no error. " 'In the absence of a transcript we must assume as a matter of law that the evidence adduced at the hearing [on defendant's motions] supported the findings of the court.' [Cits.]" *Evans v. State*, 166 Ga. App. 602, 603 (305 SE2d 121) (1983). Moreover, the testimony to which defendant objected (that defendant admitted he shot at the truck) merely was cumulative of testimony to which defendant did not object concerning other oral and written in-custody statements. "[S]ince [the objected to statement] was not significantly different in substance from [defendant's other oral and written] statements, we find no error in the denial of the [motion for mistrial]. *Rhodes v. State*, 170 Ga. App. 473 (2) (317 SE2d 285) (1984); *Tyson v. State*, 165 Ga. App. 22 (1) (299 SE2d 69) (1983)." *Hillman v. State*, 184 Ga. App. 712, 714 (2) (362 SE2d 417) (1987).

2. Defendant next cites as error the trial court's failure to give his request to charge number 11, on admissions and confessions, in its entirety. Defendant, arguing that his in-custody statement was a "confession" as opposed to an "admission," contends the trial court should have charged the jury that "a statement uncorroborated by any other evidence is not sufficient to justify a conviction." See OCGA § 24-3-53. "[Defendant's] statement, while an admission, was not a confession to the crime of [aggravated assault], inasmuch as he contended that [he intended to shoot at the truck, not the victim]. The court's charge, taken as a whole, informed the jury that [defendant's statements] should be examined closely for voluntariness. Additionally, we have noted previously the perils inherent in the use of the term 'confession,' *Golden v. State*, 250 Ga. 428, 429 (297 SE2d 479)

(1982), *Johnson v. State*, 242 Ga. 822, 825 (251 SE2d 563) (1979), in cases such as this. It was not error to fail to charge the language of the Code section, and this enumeration is without merit." (Paragraph indention omitted.) *Houston v. State*, 253 Ga. 696 (2) (324 SE2d 183) (1985). *Richardson v. State*, 256 Ga. 746, 748 (6) (353 SE2d 342) (1987).

3. Contrary to the argument presented in support of defendant's final enumeration of error, the evidence adduced at trial was sufficient under the standard enunciated in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley and Andrews, JJ., concur.*

DECIDED MARCH 14, 1991.

Bennett, Wisenbaker & Bennett, C. Richard Williams, Jr., for appellant.

H. Lamar Cole, District Attorney, Catherine H. Helms, Assistant District Attorney, for appellee.