A95A0888. CROWDER v. THE STATE.
(462 SE2d 754)

McMURRAY, Presiding Judge.

Defendant was charged in an accusation with a single count of forgery in the first degree, in that, with the intent to defraud, he knowingly possessed and uttered a check drawn on the "Wachovia Bank checking account of M. Regina Thomas, Standing Chapter 13 Trustee, payable to L. C. Crowder and Heilig Meyers in such a manner that the writing as made purports to have been made by authority of one who did not give such authority. . . ." The evidence at his jury trial showed that defendant was a collections agent for Heilig Meyers. State's Exhibit 3 is a check drawn by M. Regina Thomas, Standing Chapter 13 Trustee for the Northern District of Georgia, and made payable to the order of Heilig Meyers. Ms. Thomas testified "without exception . . ., every check is made payable either to the company itself or the attorney. . . . But other than those two methods, they are never made to agent for, or authorized agent for — never. Never." However, someone using a different size and type of print had added: "* * * * L. C. CROWDER/LEGAL AGENT * * * *" above the name of Heilig Meyers, so as to make it appear that defendant is the ostensible payee. Defendant cashed the check at a liquor store, but the

check was returned by the bank with the notation: "PAYMENT STOPPED BY ORDER OF DRAWER." The jury found him guilty, and this direct appeal followed. *Held*:

1. Defendant first contends his oral motion to dismiss the accusation should have been granted because OCGA § 17-7-70.1 "is ex post facto as applied to [him]. . . ." He argues that the trial court "improperly divested [defendant] of his right to have the grand jury determine whether there was probable cause to charge [him], by an indictment[.]"

At common law, every person charged with a felony had the right to demand an indictment or presentment by a grand jury before he was required to answer the charge. *Gordon v. State*, 102 Ga. 673, 683 (29 SE 444). However, the General Assembly altered the common law procedure with respect to certain designated felonies, including violations of OCGA § 16-9-1, so that where defendants have "either been bound over to the superior court or have expressly waived a commitment hearing, the district attorney shall have authority to prefer accusations, and the defendants shall be tried on such accusations according to the same rules of substantive and procedural laws relating to defendants who have been indicted by a grand jury." OCGA § 17-7-70.1 (a). In the case sub judice, defendant waived any right to indictment by the grand jury when he entered his plea of not guilty on the accusation on August 19, 1994, without first having filed a written objection to proceeding under the accusation. See *Dunbar v. State*, 209 Ga. App. 97 (2) (432 SE2d 829). See also *Cunningham v. State*, 80 Ga. 4 (hn. 1) (5 SE 251). Moreover, OCGA § 17-7-70.1 became effective with respect to arrests made on and after July 1, 1992. See Ga. L. 1992, pp. 1808, 1810, § 2. Defendant in this case was not arrested until "July 31st, 1993." It follows that the State's Attorney was authorized on June 9, 1994, to prefer this accusation rather than submitting the investigation to the grand jury. In the case sub judice, the application of OCGA § 17-7-70.1 "did not alter any [existing] substantive rights conferred on [the accused] by law. As such, [OCGA § 17-7-70.1] is not an unconstitutional ex post facto law [with respect to defendant]. *Todd v. State*, 228 Ga. 746[, 752] (187 SE2d 831) (1972)." *Livingston v. State*, 264 Ga. 402, 405 (1) (e) (444 SE2d 748).

2. Defendant's second and third enumerations challenge the sufficiency of the evidence to sustain his conviction for forgery in the first degree. Specifically, he argues the evidence is insufficient to prove his knowledge that the check was forged and his intent to defraud, as required by OCGA § 16-9-1 (a).

Both knowledge and intent to defraud may be proven by circumstantial evidence. *Johnson v. State*, 211 Ga. App. 151, 152 (438 SE2d 657). In the case sub judice, the jury was authorized to believe that defendant, acting without authority, altered the trustee's check as

made out to defendant's employer, Heilig Meyers, by typing in the words: "L. C. CROWDER/LEGAL AGENT" to make it appear that he is the payee, and then cashing that altered check. " '[K]nowingly passing as genuine a forged instrument is conclusive of the intent to defraud.' *Jordan v. State*, 127 Ga. 278 [(4)] (56 SE 422) (1906)[.]" *Matula v. State*, 264 Ga. 673, 674 (2), 675 (449 SE2d 850). In the case sub judice, the evidence is sufficient to authorize the jury's verdict that defendant is guilty, beyond a reasonable doubt, of forgery in the first degree as alleged in the accusation. *Johnson v. State*, 211 Ga. App. 151, 152, supra.

3. In his fourth enumeration, defendant contends the trial court erred "by instructing the jury that [defendant] could be convicted of first degree forgery if he delivered a certain check." He argues such an instruction was an "improper expansion of the accusation [in that it] authorized two ways the jury could find [defendant] guilty of first degree forgery, compared to one way that was alleged in [the] accusation."

" 'Since the offense of uttering is an attempt, it is complete when the forged instrument is offered; an acceptance of it is unnecessary. . . .' " *Walker v. State*, 127 Ga. 48, 49 (1) (56 SE 113). While the accusation in the case sub judice alleged that defendant "possessed" and "uttered" the forged check, it was not erroneous for the trial court to charge using the additional statutory term, "delivered." If defendant delivered or passed a forged negotiable instrument, "he uttered and published it [as alleged in the accusation]; and if he uttered and published and [delivered or] passed it, he necessarily [possessed] it." *Smith v. State*, 13 Ga. App. 663, 667 (79 SE 764). Proof that defendant delivered the forged instrument to the store clerk shows the completed crime of uttering that same instrument as alleged in the accusation. Consequently, there is no fatal variance between the allegations and the proof and no error in this instruction. Compare *Lattimore v. State*, 265 Ga. 102, 104 (3), 106 (454 SE2d 474), where the Georgia Supreme Court reversed a murder conviction and held "the trial court improperly instructed the jury to return a verdict of guilty on a type of murder not charged in the indictment or included as an offense. . . ." This enumeration is without merit.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 15, 1995 —
RECONSIDERATION DENIED OCTOBER 3, 1995.

*Michael B. King*, for appellant.
*Robert E. Keller, District Attorney, Tom Woodward, Assistant*

*District Attorney*, for appellee.