## 29857. WILKINS v. WILKINS.

INGRAM, Justice.

This is an appeal from the Superior Court of Greene County in a change of custody case brought by the father seeking modification of a final divorce decree which awarded custody of the minor children to the mother pursuant to an agreement between the parties which was adopted by the court at the time of the divorce.

The trial judge conducted a hearing and determined it would be in the best interests of the minor children to leave them in the custody of the mother. The father appeals from the order entered by the court leaving the children in the mother's custody and awarding her $150 as attorney fees.

It will serve no useful purpose to summarize all of the evidence considered by the trial court. The trial judge observed at the conclusion of the hearing that the

evidence was conflicting and that, "I think you've got to look at the overall picture and the overall situation as to where those children are going to be, who is going to be with them, who is going to be taking care of them through all of the days. And, taking all of these things into consideration, I'm going to deny the motion for a change of custody because I do not think the burden has been carried to show that there has been a substantial change in conditions that would materially affect the best interests and welfare of the minor children."

We agree with this assessment of the evidence by the trial court and find no abuse of discretion in his judgment which continued the custody of the minor children with the mother. "We are neither authorized nor inclined to substitute our judgment on the evidence for the judgment of the trial court unless the record discloses absolutely no evidence in support of the finding by the trial court. In those rare instances where the record contains no evidence to support the decision of the trial court, we conclude there was an abuse of discretion. But, this is not the case here. Experience has taught that the trial courts of this state are in a far better position to rule wisely in these matters with the parties and child before the court than we can do on appeal with only a written record before us. See, *Beckman v. Beckman,* 225 Ga. 693 (171 SE2d 135), and *Tyree v. Jackson,* 226 Ga. 690 (177 SE2d 160)." *Fowler v. Fowler,* 231 Ga. 572, 573 (203 SE2d 235).

The father argues that the trial court erred in considering as evidence, over objection at the hearing, testimony of correspondence and conversations between the attorneys for the parties. These matters related to whether the father knew at the time of the divorce from the mother that she was pregnant and that he was not the father of the child. Whether this evidence was hearsay under *Sapp v. Callaway,* 210 Ga. 277 (79 SE2d 532), and *Georgia Chemical Works v. Malcolm,* 186 Ga. 275 (197 SE 763), as urged by the father, or was probative under Code Ann. § 38-302 to explain the conduct of the parties and ascertain their motives at the time of the divorce, is not necessary to decide in this case. The transcript shows the father testified that he "knew at the time the divorce was granted" that the mother was pregnant. In addition, the

father made no financial provision for the birth and support of this child as he did for the other minor children. The error, if any, was harmless and would not require a reversal of the trial court's judgment awarding custody to the mother.

We reverse the award of attorney fees to the mother. Code Ann. § 30-223 authorizes an award of attorney fees to the wife when the husband has filed an action to modify a permanent alimony judgment, but not in an action by the husband for a change of custody. *Gallant v. Gallant,* 223 Ga. 397 (4) (156 SE2d 61); *Peacock v. Adams,* 230 Ga. 774 (2) (199 SE2d 254).

The mother seeks to avoid the rule in this case by arguing that the father's complaint contains a prayer for general relief (perhaps contemplating child support reduction) in addition to the specific relief sought of a change in custody. This argument is innovative but not persuasive. The record and transcript clearly show the whole thrust of this case dealt solely with the question of whether there should be some change in the custody of the three minor children. Under the law applicable to this case, each party must bear the expense of his (and her) own attorney fees.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

SUBMITTED APRIL 21, 1975 — DECIDED MAY 13, 1975.

*Tom Strickland,* for appellant.
*Lawrence & Rice, Peter J. Rice, Jr.,* for appellee.