## 35017. WATSON v. YOUNG.

BOWLES, Justice.

Gloria Faye Watson brought an action against her former husband, James L. Young, Jr., seeking an upward modification of child support. In 1972, Mr. Young had been ordered to pay $65 every two weeks for the support of the parties' two minor children. The modification case was tried by jury and a verdict was returned for Mrs. Watson increasing the child support to $100 every two weeks. Mrs. Watson appeals alleging that that sum is inadequate and alleging that the verdict is due in part to erroneously admitted evidence.

We affirm.

1. In an action to revise an award of child support, once evidence has been introduced showing a substantial change in the income or financial status of the former husband, evidence relative to the former wife's income or financial status is admissible as is evidence regarding the mother's contended needs for the financial support of the children. *Butterworth v. Butterworth,* 227 Ga. 301 (180 SE2d 549) (1971). Testimony that Mrs. Watson returned to Mr. Young clothing and gifts sent by him to the children was relevant (a) to the issue of the financial status of the wife, (b) to the issue of the needs of the children, and (c) to the issue of whether or not the figures listed by Mrs. Watson as the children's needs were inflated.

2. We find that there was "some evidence" to support the jury's increase of child support payment to $100 every two weeks and, therefore, that verdict will stand on appeal. *Pape v. Pape,* 240 Ga. 806 (242 SE2d 584) (1978); *Berkowitz v. Berkowitz,* 239 Ga. 1 (236 SE2d 7) (1977). We also find that the increased sum is not inadequate or disproportionate as a matter of law, under the evidence.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 15, 1979 — DECIDED SEPTEMBER 10, 1979.

*James A. Elkins, Jr.,* for appellant.
*Danny L. Dupree,* for appellee.