## 38800. CLIFTON v. CLIFTON.

HILL, Presiding Justice.

Mary Clifton filed a petition for divorce on the ground the marriage was irretrievably broken. She also sought alimony, custody of the couple's three daughters, and child support. The husband counterclaimed for divorce on the same ground and for custody of the children.

After the trial court granted the divorce, a jury trial was held to determine the amount, if any, of alimony and child support to be awarded. The jury awarded the wife the marital residence titled in her husband's name and its furnishings, her car, and the full house payment including principal, interest, taxes, and insurance. Child support of $230 per month per child was awarded the wife. In addition, the jury provided that if the residence was sold, the children would receive 45% of the net proceeds. The husband was awarded the dry cleaning business he had been operating and his automobile.

The husband enumerates two errors. First he alleges the trial court erred in allowing the wife to introduce evidence of temporary alimony payments made by the husband. Second he urges that that

portion of the jury verdict requiring 45% of the net proceeds from the sale of the residence be paid to the children is invalid as requiring him to settle an estate upon his children. We granted the husband's application to appeal.

1. Husband contends that admitting evidence of payments he made his wife during their separation was improper in that the fact he was making temporary alimony payments implies to the jury that the wife is entitled to permanent alimony. The husband was cross-examined as to payments he had made to himself and to his wife; the temporary alimony award was not mentioned. The evidence was admissible to show that disbursements by the husband exceeded the amount he claimed as income on his tax return. The evidence was properly introduced to provide the jury with evidence of the husband's assets and earnings to aid it in determining the amount of alimony to be awarded. We find no error.

2. The husband argues that he cannot be required to settle an estate upon his children. See *Clark v. Clark,* 228 Ga. 838, 840 (188 SE2d 487) (1972); *Collins v. Collins,* 231 Ga. 683 (3) (203 SE2d 524) (1974), overruled on other grounds, *Doyal Development Co. v. Blair,* 234 Ga. 261 (215 SE2d 471) (1975).

The husband made no objection to the verdict when it was announced so as to enable the jury which heard the evidence to return a proper verdict. Upon hearing an improper verdict rendered, a litigant should not sit silently by, hoping to gain a retrial by failing to object. *Todhunter v. Price,* 248 Ga. 411 (1) (283 SE2d 864) (1981).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982 —
REHEARING DENIED SEPTEMBER 23, 1982.

*Calhoun & Associates, Kran Riddle, Walter W. Ballew III,* for appellant.

*Tom. C. Bordeaux, Jr.,* for appellee.