## 42654, 42655. HASELDEN v. HASELDEN; and vice versa.
### (338 SE2d 257)

MARSHALL, Presiding Justice.

The appellant-noncustodial father filed a petition in 1981 against the appellee-custodial mother, seeking custody of the parties' minor child and the termination of the appellant's child-support obligation

under the parties' 1979 divorce decree. The trial court ordered custody to remain in the appellee with increased visitation rights to the appellant, and denied the appellee's motion for attorney fees for defending against the appellant's action. A trial on the appellee's counterclaim for an increase of alimony and child-support payments resulted in a verdict and judgment increasing the child-support payments. The plaintiff-father appeals from the judgment for the defendant-mother, and the appellee cross-appeals from the denial of attorney fees.

1. It was not error to deny attorney fees under OCGA § 19-6-22, which does not authorize an award of attorney fees for an action for a change of custody. *Wilkins v. Wilkins*, 234 Ga. 404, 406 (216 SE2d 302) (1975).

2. It was error to permit the appellee to testify, over timely objection and motion in limine, as to the amount of money the appellant was paying her as alimony and child support pursuant to a temporary order entered under authority of OCGA § 19-6-19 (c), which payment was an increase over the amount of the order the appellee was attempting to modify. See *Knox v. Knox*, 139 Ga. 480 (3) (77 SE 628) (1913). It is true that, under the provisions of OCGA § 19-6-20, evidence of the income and financial status of *either* former spouse is admissible in cases of permanent alimony of a former spouse, which the appellee's counterclaim sought in addition to alimony for child support. However, the payments pursuant to the temporary order were not a part of the appellee's income at the time the counterclaim for an increase in permanent alimony was filed, and represent only the court's opinion as to her temporary needs — which is prejudicial to the jury's determination of her permanent alimony needs. This was reversible error, requiring a new trial.

3. The appellant contends that the trial court erred, after twice denying the appellee's motion for attorney fees, in permitting her to testify over timely objection that she had incurred $30,000 in attorney fees in this case, that she had an obligation to pay them at the rate of $500 per month, and that the need for an increase in child support was at least in part based upon her need to make the monthly attorney-fee payments.

OCGA § 19-6-19 (a) provides that "[i]n the hearing upon a petition filed as provided in this subsection, testimony may be given and evidence introduced relative to the income and financial status of *either* former spouse." (Emphasis supplied.) "In an action to revise an award of child support, once evidence has been introduced showing a substantial change in the income or financial status of the former husband, evidence relative to the former wife's income or financial status is admissible as is evidence regarding the mother's contended needs for the financial support of the children. [Cit.]" *Watson v. Young*, 244

Ga. 197 (1) (259 SE2d 453) (1979).

The trial judge here instructed the jury that the appellant was not obligated or required to pay the attorney fees, but that he was allowing the appellee's testimony as to her obligation to pay them for the sole purpose of informing the jury of her increased obligations. The result may appear to be the allowance by indirection of what the law prohibits by direction; however, the verdict was authorized by evidence of the income and financial status of both parties.

We note that Ga. L. 1984, p. 606, § 2 added subsection (d) to OCGA § 19-6-19: "In proceedings for the modification of alimony for the support of a spouse or child pursuant to the provisions of this Code section, the court may award attorneys' fees, costs, and expenses of litigation to the prevailing party as the interests of justice may require." Since the case is to be retried for the reasons stated in Div. 2 hereinabove, the 1984 amendment may be relevant to the proceedings insofar as the appellee's attorney fees may be shown to have been incurred in connection with her proceeding via counterclaim for alimony modification, rather than merely in defense of the appellant's proceeding for change of custody, in which latter proceeding attorney fees would not be recoverable.

*Judgment reversed. All the Justices concur, except Weltner and Bell, JJ., who dissent.*

BELL, Justice, dissenting.

I concur in all of Divisions 1 and 3 of the opinion of the court, but I respectfully dissent as to Division 2 and the judgment.

In Division 2 the majority of this court addresses the appellant's contention that "[i]t was error to permit the appellee to testify over timely objection and motion in limine, as to the amount of money the appellant was paying her as alimony and child support pursuant to a temporary order . . . , which payment was an increase over the amount of the order the appellee was attempting to modify."

In answer to that contention, the majority holds as follows: "[T]he payments pursuant to the temporary order were not a part of the appellee's income at the time the counterclaim for an increase in permanent alimony was filed, and represent only the court's opinion as to her temporary needs — which is prejudicial to the jury's determination of her permanent alimony needs. This was reversible error, requiring a new trial." Id. at 367.

I disagree with the foregoing holding, because it conflicts with an existing decision of this court. *Clifton v. Clifton*, 249 Ga. 831 (1) (294 SE2d 518) (1982). In *Clifton*, id. at 832, a jury trial was held to determine the amount, if any, of alimony and child support to be awarded to the wife. On appeal, the husband alleged that "the trial court erred in allowing the wife to introduce evidence of temporary alimony pay-

ments made by the husband." Id. at 831. The husband argued that "the fact he was making temporary alimony payments implie[d] to the jury that the wife [was] entitled to permanent alimony." Id. at 832.

After noting that only the *amount* of the payments, and not the *fact* of the temporary alimony award, had been presented to the jury, this court held that evidence of the amount of temporary alimony payments "was properly introduced to provide the jury with evidence of the husband's assets and earnings to aid it in determining the amount of alimony to be awarded." Id.

Here, the following testimony is at issue:

"Q. All right. What does your total income from all sources consist of at this time?

"A. About $1400 a month from my salary.

"Q. Take-home pay?

"A. Yes. And six hundred dollars a month in — $475 a month for child support and $125 a month in alimony."

As this testimony shows, the jury was not told that appellee had received a temporary increase in support — only the amount of the temporary award was testified to by the appellee. I would therefore hold that the appellee's testimony was proper under the rule of *Clifton*, supra, 249 Ga.

*Knox v. Knox*, 139 Ga. 480 (3) (77 SE 628) (1913), which is relied upon by the appellant and cited in the majority opinion, is distinguishable from the instant case. In *Knox* this court held that, by virtue of an instruction to the jury informing the jury that the court had granted temporary alimony and attorney fees, the trial court impermissibly informed the jury what view it took of the question whether the wife was entitled to any alimony. Id.

In the present case, the fact that the court had awarded temporary support in an amount in excess of the existing amount of permanent support was not expressly disclosed to the jury. Although the jury could have inferred that the increase in support was due to a temporary order, such an inference was not inevitable. The jurors may have inferred, for example, that the parties had privately agreed to a temporary increase in support in order to avoid the expense of attending a temporary hearing and obtaining a court order. At any rate, inasmuch as appellee's testimony did not constitute an express disclosure of the existence of a court-imposed temporary increase in support payments, the jurors' determination of appellee's permanent needs was not prejudiced by any intimation of the court's opinion as to appellee's needs.

For the foregoing reasons, I would hold that the appellee's testimony was admissible, and I would affirm the judgment.

I am authorized to state that Justice Weltner joins in this dissent.

DECIDED JANUARY 7, 1986 —
RECONSIDERATION DENIED JANUARY 28, 1986.

*Dailey & Groover, Lewis M. Groover, Jr.*, for appellant.
*Jones, Ludwick & Malone, Taylor W. Jones, Kathleen V. Duffield*, for appellee.