S90A0670. McEACHERN v. McEACHERN.
(394 SE2d 92)

CLARKE, Chief Justice.

The parties were divorced following a jury trial, and the wife appeals from an award which included the marital residence, ⅓ of husband's retirement benefits, and $450 per month in alimony for three years. We granted wife's application to appeal to consider one issue: Whether the trial court erred in excluding evidence of post-separation

---

payments by husband.

1. The trial court concluded that this court's decision in *Haselden v. Haselden*, 255 Ga. 366 (338 SE2d 257) (1986), precluded testimony regarding the amount of any payments. Wife contends that under *Clifton v. Clifton*, 249 Ga. 831 (294 SE2d 518) (1982), this evidence was admissible to show husband's assets and earnings. She would have shown that husband, an Eastern Airlines pilot, was paying expenses totalling approximately $2588.95 per month, had an annual income of $94,533.37 and was only temporarily unemployed and living on strike benefits. Husband responds that he was employed until 14 days before the trial of the case and had made every temporary alimony payment up to the trial. He insists that since the temporary award was based on his salary before the strike, it would have been extremely prejudicial for the jury to know what he was paying under the temporary award. Further, he asserts that it was not necessary to ask him about temporary alimony payments in order to get information about his salary and assets.

An analysis of the question of the admissibility of evidence must begin with a determination whether the evidence is relevant. "Relevant evidence" means evidence having any tendency to make the existence of a fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. McCormick on Evidence (3rd ed.), § 185, p. 542. See also *White v. State*, 257 Ga. 236 (356 SE2d 875) (1987).

> The weight of the evidence is not considered on the question of relevancy. The offered evidence need only tend to prove or disprove the material issue. The Georgia rule favors admissibility. If the relevancy of the offered evidence is in doubt, it should be admitted and sent to the jury under proper instructions.

Agnor's Ga. Evid. (2nd ed.), § 10-1, p. 223. The exclusion of evidence on the ground that it is irrelevant is generally within the discretion of the trial court. *O'Neal v. State*, 254 Ga. 1 (325 SE2d 759) (1985).

However, relevant evidence may be excluded if its probative value is outweighed by certain risks. These counter-balancing risks include the risk that it will cause unfair surprise to the other party who has not had time to prepare, that presentation will take an undue amount of time, or that the evidence would tend to confuse or mislead the jury. Agnor, supra, § 10-2, p. 225; *Candler v. Byfield*, 160 Ga. 732 (129 SE 57) (1925).

Evidence of temporary alimony payments is relevant to the issue of income and ability to pay permanent alimony. However, this evidence is likely to mislead and confuse the jury for several reasons.

Court-ordered payments may reflect a court's determination made without a full hearing. If the payments are the result of a consent order or an informal arrangement between the parties, the payments may represent an amount necessary to preserve the status quo or may represent some other accommodation. The amount of such voluntary payments might not be realistic in the long run. A rule allowing only evidence of *voluntary* post-separation payments as opposed to court-ordered payments would prevent the jury's giving undue weight to a court's determination of temporary needs and ability to pay made without a full hearing. However, such a rule would tend to discourage any generous impulse in voluntary payments. We have determined that evidence of any temporary payments has the potential to confuse and mislead the jury.

We now modify *Clifton v. Clifton* and *Haselden v. Haselden*, supra, to make the following holding: Evidence of post-separation support payments is not admissible unless the court determines that the evidence should be admitted for impeachment purposes to prevent a party's perpetrating a fraud upon the court. The court here correctly excluded the evidence in question.

2. Wife contends that the court erred in failing to grant a mistrial when husband's counsel said in closing argument that wife had "been able to get along since the suit was filed." The court rebuked husband's attorney for the remark made during closing argument, and the jury was instructed to disregard it. There was no error in the court's denial of wife's motion for a mistrial. The granting of a mistrial because of the conduct of counsel is within the discretion of the trial court. The standard of review is abuse of discretion. *McCluskey v. American Oil Co.*, 225 Ga. 63 (165 SE2d 830) (1969); *Walker v. Bishop*, 169 Ga. App. 236 (312 SE2d 349) (1983). We find no abuse of discretion here.

3. In her next enumeration of error wife argues the court erred in failing to charge that the jury should consider evidence of husband's post-separation adultery in awarding alimony or equitably dividing property and to charge that the jury should consider the parties' expectation and anticipated use of retirement benefits in equitably dividing property. The court gave the pattern charge that the jury should consider the factual cause of the separation in deciding whether or not to grant alimony. Wife is correct that evidence of conduct after separation may be relevant to show that the conduct prevented reconciliation. *Hand v. Hand*, 244 Ga. 41 (257 SE2d 507) (1979); *Bryan v. Bryan*, 242 Ga. 826 (251 SE2d 566) (1979). However, there was no evidence at trial that husband's affair after separation prevented a reconciliation. Therefore, the requested charge was not adjusted to the evidence. The court was not required to charge that the jury should consider the expectations of the parties regarding the

retirement benefits in equitably dividing the property.

4. Wife insists that the court erred in failing to grant her motion for continuance when a subpoenaed witness from Eastern Airlines failed to appear. She further contends husband's counsel misled the court in saying that husband had all the documents which the witness would have brought. Husband responds that there is no evidence that a valid subpoena was served on the witness. There is nothing in the record to indicate that a witness fee accompanied the subpoena. Husband's counsel never represented that he had all the records of Eastern Airlines. Instead, he represented that husband had current payroll, benefits, and pension records furnished him by Eastern. Wife has shown no misrepresentation by husband or his counsel as to the documents husband had at trial. Wife complains that when asked about the size and viability of the Eastern pension fund and about his own future, husband repeatedly answered that he did not know. However, wife has not pointed to a single document which he promised to produce and failed to produce. Wife has not shown how she was prejudiced by the absence of the witness in question. The trial court denied the motion for continuance, finding that the case had been on a previous trial calendar, that wife had adequate time to obtain the records she needed, and that husband had current information on payroll, pension, and other benefits. We find no error.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 8, 1990 —
RECONSIDERATION DENIED JULY 12, 1990.

*Donald A. Weissman, Douglas H. Pike,* for appellant.
*Paul R. Koehler,* for appellee.