A90A2299. McCLASKEY v. JIFFY LUBE, INC. et al.
(398 SE2d 825)

DEEN, Presiding Judge.

Edward D. McClaskey brought a lawsuit against Jiffy Lube, Inc., and Richard Bradshaw for personal injuries allegedly arising out of an incident which occurred at a Jiffy Lube store, where appellant had been employed prior to his discharge some eight days earlier. The case went to trial before a jury, and the court granted appellees' motion for a directed verdict at the close of the plaintiff's evidence. This appeal follows the denial of appellant's motion for a new trial. *Held*:

In granting the motion for a directed verdict the trial court held that "after considering all the evidence introduced, with all reasonable deductions therefrom, and after hearing arguments of counsel, the court finds that all of the claims of plaintiff are barred pursuant to the Georgia Workers' Compensation Act." In his notice of appeal, appellant specifically stated that the "transcript of the evidence and proceedings will not be filed for inclusion in the record on appeal."

The party asserting error on appeal has the burden to show it affirmatively by the record. *Gillespie v. Gillespie*, 259 Ga. 838 (388 SE2d 688) (1990). The appellant has a duty to provide the appellate court with a transcript "where an appeal is taken which draws in question the transcript of the evidence and proceedings. . . ." OCGA

§ 5-6-41 (c). "This court is a court for the correction of errors and its decision must be made on the record sent to this court by the clerk of the court below and not upon the briefs of counsel." *Sheffield v. Zilis*, 170 Ga. App. 62, 65 (316 SE2d 493) (1984). An appeal in which a consideration of the enumeration of errors is dependent upon a consideration of the evidence heard by the trial court will be affirmed if a transcript is not included as a part of the appellate record. *Curry v. State*, 148 Ga. App. 59 (251 SE2d 86) (1978). The party asserting error has a duty to show it by the record. *York v. Miller*, 168 Ga. App. 849, 850 (310 SE2d 577) (1983).

As the instant appeal requires a transcript to determine whether the evidence showed that appellant's sole remedy was under the provisions of the Georgia Workers' Compensation Act, it must be assumed that the evidence supported the trial court's finding, and the judgment must be affirmed. *Gillespie v. Gillespie*, supra.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED NOVEMBER 8, 1990.

*Emmett J. Arnold IV*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Kent T. Stair, Robert W. Browning, Smith, Gambrell & Russell, Thomas E. McCarter, David A. Handley*, for appellees.

