## A92A0012. BATTERSON v. GROVES.
(418 SE2d 373)

JOHNSON, Judge.

This is an appeal from section three of the trial court's final order as to custody and visitation entered on June 28, 1991, which sets the level of child support to be paid to appellant-mother (Batterson) by appellee-father (Groves).

The action began as a paternity action prior to the birth of a child born out of wedlock. Groves originally denied paternity, but in the alternative, asserted a counterclaim seeking custody. Following the birth of the child, the issue of paternity was resolved by an order dated April 29, 1991. The parties agreed as to the issues regarding visitation, medical insurance and expenses, and custody. A final hearing was held on June 21, 1991, for presentation of evidence regarding child support, life insurance, and the name to be given the child.

After hearing evidence in the case, the court set the level of pay-

ments to be made by Groves to Batterson at $400 per month. Section three of the June 28, 1991, order provides in part: "This amount is predicated on the Court's determination of defendant-father's current income level being forty-two thousand ($42,000.00) dollars per year." A transcript containing only the trial judge's reasoning regarding the level of support has been included in the record on appeal. The court explained that 25 percent of Groves' annual income, $10,500, would be allocated between his two children. Rounding the monthly payment downward, the court set the final amount to be paid to Batterson at $400 per month. Batterson asserts that this finding is inconsistent with the guidelines for setting the level of child support as set forth at OCGA § 19-6-15 (b) (5), and should be vacated. We disagree.

All three of Batterson's enumerations of error focus on the issue of the trial court's calculation of the level of support which considered the existence of a second child in calculating the level of support payment. Batterson contends that the guidelines for one child should have applied and that applying the child support guidelines for two children and dividing by two in determining support was error. Batterson bases this argument on the language of OCGA § 19-6-15 (b) (5) which reads: "The amount of the obligor's child support obligation shall be determined by multiplying the obligor's gross income per pay period by a percentage *based on the number of children for whom child support is being determined.*" (Emphasis supplied.) Batterson reasons that since the level of support for only one child was being determined by the court *in this action,* that the judge erred in considering the existence of other children of the obligor.

OCGA § 19-6-15 (b) (5) also provides that the child support guidelines "shall not abrogate its (the trial court's) responsibility in making the final determination of child support based on the evidence presented to it at the time of trial." In fact, OCGA § 19-6-15 (c) (6) contemplates that the obligations of supporting another household are a factor which may be included in determining level of support. It is clear from these sections of the statute that the legislature intended that the trial courts would consider the totality of the circumstances in setting the level of support, and not be bound by the recommended guidelines.

Since the transcript of the entire hearing was not submitted for review, we cannot consider the presence or absence of any other evidence which may have been considered by the trial judge. *McClaskey v. Jiffy Lube,* 197 Ga. App. 537 (398 SE2d 825) (1990). Absent such a transcript we must assume that the evidence supported the court's finding, and the judgment will not be disturbed. *Gillespie v. Gillespie,* 259 Ga. 838 (388 SE2d 688) (1990), cited in *McClaskey,* supra.

*Judgment affirmed. Pope, J., concurs. Carley, P. J., concurs in judgment only.*

54

DECIDED APRIL 7, 1992 —
RECONSIDERATION DENIED April 24, 1992 — 

*Robert H. Putnam, Jr.*, for appellant.
*Rubin, Winter & Rapoport, Joseph M. Winter, Garvis L. Sams, Jr.*, for appellee.
*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Assistant Attorney General*, amicus curiae.