A97A0054. MARTIN v. GRECO.
(484 SE2d 789)

JOHNSON, Judge.

Jodi Martin appeals from a superior court order awarding Steven Greco custody of their minor daughter, and requiring her to pay child support to Greco. Martin, who was never married to Greco, gave birth to the child on September 25, 1989, and had physical custody of her until the order at issue in this case. Greco subsequently filed a petition for legitimation, which the trial court granted in November 1995. The legitimation order awarded the parties joint legal custody of the child, and provided that she was to physically reside with Martin. Neither party challenges the legitimation order.

Ten days after the legitimation order was entered, Greco filed a petition to modify custody, asserting a material change of condition had occurred and that the best interest of the child would be served by awarding custody to him. The trial court held a hearing on the petition in May 1996, and received evidence, including the report of the child's guardian ad litem. The guardian ad litem recommended that the court award custody to Greco because he could provide a more stable environment for the child than Martin, and could spend more time with her. The court then awarded custody to Greco, awarded visitation rights to Martin, and required her to pay child support. We granted Martin's petition for discretionary appeal from this order. For the reasons set out below, we affirm the custody

---

award, reverse the award of child support, and remand the case for entry of a new support award.

1. Martin contends the trial court erred in finding that changed circumstances justified a change in custody, claiming Greco presented evidence only of the parties' circumstances as they existed before the legitimation petition was granted.

A petition to change child custody should be granted only if the trial court finds that there has been a material change of condition affecting the welfare of the child since the last custody award. *Templeman v. Earnest*, 209 Ga. App. 557, 558 (434 SE2d 106) (1993); see OCGA §§ 19-9-1 (b) and 19-9-3 (b). If there has been such a change, then the court should base its new custody decision on the best interest of the child. See OCGA § 19-9-3 (a) (2). If the record contains any reasonable evidence to support the trial judge's decision on a petition to change custody, it will be affirmed on appeal. *Phillips v. Drake*, 215 Ga. App. 210, 211 (1) (449 SE2d 879) (1994).

At the hearing on the petition to change custody, Martin admitted that her residence had changed more than once since the granting of the legitimation petition, that it would likely change again soon, and that the child was sleeping at Martin's mother's house because there was not room for her in the quarters Martin shared with friends. The trial court was authorized to find these repeated changes of residence material because such changes disrupted the stability of the child's environment and separated her from her custodial parent for a significant period of time on a daily basis. The trial court was also authorized to find that awarding custody to Greco would be in the child's best interest because he had demonstrated an ability to maintain both a stable residence and a work schedule that allowed him to spend more time with his daughter. Though the record shows Martin expended considerable effort to support the child despite difficult circumstances, she has not shown an absence of reasonable evidence to support the trial judge's decision. Therefore, this enumeration of error is without merit.

2. Martin maintains the trial court erred in calculating the amount of child support she is obligated to pay. We agree.

The trial court ordered Martin to pay child support of $485 per month, and stated that this amount was based on Martin's stipulation that her annual income was $29,130. Martin correctly points out that this figure was based on her Domestic Relations Financial Affidavit, in which she claimed a gross monthly income of $2,427, including $433 per month in child support received from Greco. It was error to include child support paid by Greco in Martin's income for purposes of calculating her child support obligation because this income would cease as a result of the court's new order. On remand, the trial court is directed to recalculate Martin's support obligation in a man-

ner consistent with this opinion. See OCGA § 19-6-15 (b), (c).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Pope, P. J., and Blackburn, J., concur.*

DECIDED MARCH 27, 1997.

*Danley & Associates, Daniel R. Tompkins III*, for appellant.
*Linda J. Spievack*, for appellee.