S03A0964. BROCHIN v. BROCHIN.

(586 SE2d 316)

THOMPSON, Justice.

Does Uniform Superior Court Rule 24.7, which provides that "no divorce decree shall be granted unless all contestable issues in the

case have been finally resolved," prevent the trial court from entering a final decree while reserving the issue of attorney fees for subsequent resolution? The answer is "no."

1. Gary Brochin sued Susan Brochin for divorce. The issue of custody could not be resolved and the case proceeded to trial. Upon conclusion of the trial, the court entered a final judgment and decree of divorce in which it reserved the issue of attorney fees for a subsequent hearing. Thereupon, Susan moved for attorney fees in the amount of $83,374. Gary responded by asserting, inter alia, that Uniform Superior Court Rule 24.7 prohibits a divorce court from entering a decree which reserves the issue of attorney fees for a subsequent hearing. Gary's assertion notwithstanding, the trial court awarded attorney fees to Susan in the amount of $40,000. Gary sought and we granted discretionary review.

Uniform Superior Court Rule 24.7 provides, in pertinent part:

> Although the court may, in appropriate cases, grant judgment on the pleadings or summary judgment that the moving party is entitled to a divorce as a matter of law, no divorce decree shall be granted unless all contestable issues in the case have been finally resolved.

The intent of this rule was to put an end to the practice of granting a no-fault divorce and severing the marital relationship without simultaneously resolving issues of alimony and child custody. See *Edwards v. Edwards*, 260 Ga. 440 (396 SE2d 236) (1990). The rule was not intended to abolish the longstanding ability of Georgia's courts to preserve the issue of attorney fees, as long as that issue is raised prior to the entry of final judgment. See *Blanchet v. Blanchet*, 251 Ga. 379, 380 (306 SE2d 907) (1983); *Luke v. Luke*, 159 Ga. 551 (126 SE 374) (1925). That issue often cannot be thoroughly fleshed out and adjudicated until the case is terminated because it must await consideration of the attorneys' time records and hourly rates, the parties' previous settlement proposals and negotiations, see *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993), and the parties' post-decree financial circumstances. OCGA § 19-6-2; see generally *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988). It follows that the court did not err in entering the final decree and reserving the issue of attorney fees.

2. The court did not abuse its discretion in awarding attorney fees in this case. See *Bowman v. Bowman*, 242 Ga. 259 (248 SE2d 654) (1978).

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

Because the majority improperly looks beyond the plain language of Uniform Superior Court Rule 24.7, I dissent. "Where the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden."[*] The language of Rule 24.7 is plain and unambiguous – "no divorce decree shall be granted unless all contestable issues in the case have been finally resolved." The issue of attorney fees is a contestable issue, and thus the Rule prevents a final divorce decree from being granted until this issue is resolved.

A final judgment in other civil cases involves resolution of all issues, including contested attorney fees, and the majority provides no reason to treat disputes over attorney fees differently in divorce cases. The majority's result will allow two appeals – one from the final divorce decree, and a second from the subsequent judgment regarding attorney fees. Sound policy favors concluding all issues in one judgment from which one appeal can be taken on all issues in the case.

DECIDED SEPTEMBER 15, 2003.

*Hall & Rapoport, Robert E. Hall*, for appellant.
*McGinnis & Chambers, James J. McGinnis*, for appellee.
*Melody Z. Richardson*, amicus curiae.

---

[*] *Six Flags Over Georgia v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003). See also *City of Jesup v. Bennett*, 226 Ga. 606, 609 (176 SE2d 81) (1970).