S05F0310. GROOVER v. GROOVER.

(614 SE2d 50)

</div>

FLETCHER, Chief Justice.

Lewis Madison Groover appeals from a jury verdict entered in his divorce from Suzanne Ferrell Groover. We affirm.

The parties were married in 1973 and Husband filed for divorce in 2003. The parties resorted to a jury trial to resolve the monetary issues in their divorce. The jury awarded Wife $222,000 in lump sum alimony, payable over 15 years, the marital home, subject to an approximately $23,000 mortgage, the contents of the marital home,

---

[2] Id. at 623.

a car, and her separate property, which consisted of substantial assets inherited from her father. Husband was awarded acreage in Ludowici, Georgia, which had been purchased with marital funds, several trucks, farm equipment, and his separate property, which consisted of substantial assets inherited from his mother. The parties were each awarded their own retirement accounts. Husband was held responsible for about $91,000 in marital debt from a failed business venture and Wife was held responsible for about $6,500 in marital debt from retail credit cards. The trial court awarded Wife $50,000 in attorney's fees. Husband's application to appeal was granted under this Court's Pilot Project.[1]

1. Husband contends that the trial court erred in admitting evidence of payments he voluntarily made to Wife after 1995 when he claimed the parties separated. Evidence of post-separation voluntary payments is inadmissible under *McEachern v. McEachern*.[2] However, the parties disputed the date of separation and therefore this fact was for the jury to decide. The trial court instructed the jury that they were to decide when the separation occurred and were not to consider any payments made after that date. With the date of separation a matter of dispute, it was not error for the trial court to admit evidence of payments made prior to the date of separation as contended by Wife.

2. Husband also contends that it was error to allow Wife to testify regarding her attorney's fees in front of the jury. OCGA § 19-6-2 permits the trial court in a divorce and alimony case to exercise its discretion and award attorney's fees after considering the financial condition of the parties. Because the award of attorney's fees is a matter for the trial court and not the jury, we agree that it is error to permit a party to testify about attorney's fees in front of the jury.[3] However, we are unable to conclude from a review of the lengthy record that the limited testimony about fees warrants the grant of a new trial.

3. Husband contends that the trial court erred in admitting evidence of estimates prepared by contractors for repairs Wife claimed were needed on the marital home. The estimates were hearsay because the preparers of the estimates did not testify. Nevertheless, we conclude their admission was harmless because the jury required Wife to be responsible for whatever repairs were required.

---

[1] See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

[2] 260 Ga. 320 (394 SE2d 92) (1990).

[3] *McEachern*, 260 Ga. at 321 (evidence that would tend to mislead or confuse the jury may be excluded).

4. Husband contends that the trial court improperly excluded Husband's testimony about his adultery. However, the record shows that the trial court did not prevent Husband from testifying about his adultery. Husband had asserted his privilege against self-incrimination at his deposition, and at a pre-trial hearing, the trial court properly held that if Husband wished to waive his privilege, he would have to submit to deposition questions on the topic. Husband chose not to re-submit to a deposition and instead invoked the privilege at trial when asked questions about his alleged paramour and their ten-year affair. Therefore, there is no merit to the contention that the trial court's ruling prevented Husband's testimony.

5. We conclude the trial court did not abuse its discretion in the following rulings: the award of attorney's fees; permitting evidence that the Husband enjoyed hunting as a hobby; permitting a document prepared by Wife and summarizing the sums and items she was seeking to go out with the jury; and excluding hearsay evidence of benefits available to Wife through her employment.

*Judgment affirmed. All the Justices concur, except Hunstein and Thompson, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

During wife's direct testimony illuminating her post-separation financial situation, the trial court permitted wife to testify before the jury that she had expended $10,000 on attorney fees and owed approximately $35,000 more to her attorneys. Four months after the jury verdict, the trial court awarded wife $50,000 in attorney fees. The majority concedes that wife's presentation to the jury of the evidence of her attorney fees was error, but that the error does not warrant the grant of a new trial. Because our holding in *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988) and the policy underlying the bifurcated trial in domestic cases challenges the notion that presentation of attorney fees has no effect on the verdict rendered by the jury, I dissent.

The grant of attorney fees is a matter exclusively for the trial judge to determine, sitting without a jury. McConaughey, Ga. Divorce, Alimony and Child Custody (2004 ed.), § 8-9; see OCGA § 19-6-2 (a) (1) (authorizes the grant of attorney fees in a divorce action within the sound discretion of a court). In *Stone*, the jury verdict provided that the parties would pay their own attorney fees. The trial court adopted most of the jury verdict, but amended the verdict by directing husband to pay wife's attorney fees. We reversed, holding that because the trial court's litigation expenses award effected a change "in matter of substance" of the jury's allocation of resources between the parties, the verdict could not stand because it had to be assumed that

the allocation of resources, under the scheme adopted by the jury in its verdict, was based upon the jury's expectation that no party would be required to pay litigation costs incurred by the other party.

The role of the trial court's award of attorney fees in *Stone* was thus examined to determine whether it deprived the husband of a fair verdict. In the end, although the trial court had not erred by invalidating the portion of the award dealing with attorney fees, the verdict nevertheless could not stand and the case had to be remanded in light of the trial court's alteration of the substance of the verdict in derogation of OCGA § 9-12-7 (a verdict may not be amended in matter of substance).

In contrast to *Stone*, the majority is inclined to leave the jury verdict intact despite grossly inappropriate attorney fees testimony. In this case, before the jury rendered its decision about alimony and property division, it plainly heard financial testimony from wife, over husband's objection, that the attorney fees she incurred in securing legal representation during the divorce proceeding approximated $45,000. Under these circumstances, there is a substantial possibility that the jury's allocation of resources was based on wife's testimony concerning her indebtedness to her attorneys. I have grave reservations about permitting a jury to hear litigation expense evidence because we cannot discern what the jury took into consideration when making its allocation of resources and whether the jury improperly usurped the trial court's responsibility to be the sole arbiter of attorney fee awards. See *Brochin v. Brochin*, 277 Ga. 66, 67 (1) (586 SE2d 316) (2003) (even after termination of the case, courts can consider attorneys' time records and hourly rates, parties' previous settlement proposals and negotiations and post-decree financial circumstances). If the jury's allocation of resources was in fact based in any part on wife's testimony relating to her indebtedness to her attorneys, it follows that the trial court in awarding attorney fees altered the substance of the jury verdict. Accordingly, because I conclude that the trial court's erroneous admission of attorney fee evidence before the jury and its later attorney fee award could have "work[ed] 'a change in matter of substance' of the jury's allocation of marital property," *Jones v. Jones*, 264 Ga. 169, 170 (441 SE2d 745) (1994), I must dissent to the majority's refusal to reverse for a new trial.

I am authorized to state that Justice Thompson joins in this dissent.

DECIDED JUNE 6, 2005 —
RECONSIDERATION DENIED JUNE 30, 2005.

■

*Barry M. McGough, Gregory R. Miller, Jean M. Kutner, Kevin T. Moore*, for appellant.
*McCurdy & Candler, Rebecca A. Hoelting*, for appellee.