## S10F0827. HORTON v. HORTON.
### (702 SE2d 287)

MELTON, Justice.

Following a jury trial, Martha Ann Horton (Wife) and Randolph Horton (Husband) were divorced pursuant to a Total Judgment and Decree of Divorce entered on June 5, 2009. During the trial of the case, the trial court refused to allow Wife to introduce evidence of a Temporary Order that had been entered in the divorce action on February 15, 2007. In her sole enumeration on appeal, Wife contends that the trial court erred by excluding evidence of the temporary order at trial. We granted Wife's application for discretionary appeal in this divorce case pursuant to this Court's Family Law Pilot Project, under which this Court will grant all non-frivolous discretionary applications seeking review of a final decree of divorce. *Maddox v. Maddox*, 278 Ga. 606 (604 SE2d 784) (2004). For the reasons that follow, we affirm.

The record reveals that the Temporary Order designated, out of approximately $1.4 million in assets owned by the parties, two accounts, and provided that each party, per the parties' agreement, could draw $2,700 per month from his or her designated account. Three dividend checks, in both parties' names, and totaling $18,054.76, were placed in an account to fund Wife's monthly draw. Husband would make his monthly draw from an account in his name, with said account funded via Husband's railroad retirement benefits. In addition, each party could draw $300 per month in rental income from property. At the temporary hearing in this case, Husband also consented to Wife's continued temporary use of the marital residence and its furnishings.

Wife contends that evidence of the Temporary Order should have been admitted at trial to show how much money Wife was losing and how much marital property was being depleted during the time period that the temporary order was in force. However, as the trial court correctly concluded below, the issue raised by Wife is controlled by this Court's decision in *McEachern v. McEachern*, 260 Ga. 320, 322 (1) (394 SE2d 92) (1990) ("Evidence of post-separation support payments is not admissible unless the court determines that the evidence should be admitted for impeachment purposes to prevent a party's perpetrating a fraud upon the court"). While evidence of a Temporary Order is relevant to the economic status of

the parties, it is also

> likely to mislead and confuse the jury for several reasons. Court-ordered payments may reflect a court's determination made without a full hearing. If the payments are the result of a consent order or an informal arrangement between the parties, the payments may represent an amount necessary to preserve the status quo or may represent some other accommodation. The amount of such voluntary payments might not be realistic in the long run. A rule allowing only evidence of voluntary post-separation payments as opposed to court-ordered payments would prevent the jury's giving undue weight to a court's determination of temporary needs and ability to pay made without a full hearing. However, such a rule would tend to discourage any generous impulse in voluntary payments. We have determined that evidence of *any* temporary payments has the potential to confuse and mislead the jury.

(Emphasis omitted and supplied.) Id. at 321-322.

Here, the parties agreed to the terms of the Temporary Order, and there is no allegation that evidence of the Temporary Order was necessary for impeachment purposes at trial to prevent Husband from perpetrating a fraud upon the court. See id. at 322 (1). The parties consented to the Temporary Order in order to create certain accommodations that would remain in place until a jury could make a final determination regarding a proper division of property. While Wife may have felt that the temporary agreement left her at an economic disadvantage with respect to the parties' division of property, and evidence of the Temporary Order would have been relevant to her claim at trial, "relevant evidence may be excluded if its probative value is outweighed by certain risks." Id. at 321 (1). The trial court did not abuse its discretion by concluding that the risk of admitting the Temporary Order into evidence here outweighed its probative value, because

> payments [that] are the result of a consent order or an informal arrangement between the parties . . . may represent an amount necessary to preserve the status quo or may represent some other accommodation[,] [and because] [t]he amount of such voluntary payments might not be realistic in the long run . . . [the evidence] has the potential to confuse and mislead the jury.

Id. at 322. But see *Groover v. Groover*, 279 Ga. 507 (614 SE2d 50)

(2005) (where parties disputed date of separation and trial court specifically instructed jury that it could not consider voluntary payments made after separation date, trial court did not err in admitting evidence of payments made by Husband prior to date of separation as contended by Wife). "The court here correctly excluded the evidence in question." *McEachern*, supra, 260 Ga. at 322 (1).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 2010.

*Maxine Hardy*, for appellant.
*Stone & Driggers, Kice H. Stone, Robert M. Mock, Jr.*, for appellee.