**FOURTH DIVISION**
**DILLARD, P. J.,**
**BROWN and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**August 19, 2024**

# In the Court of Appeals of Georgia

A24A0805. FREEMAN v. FREEMAN.

BROWN, Judge.

In this divorce action, we granted the application for discretionary appeal of Eddie Freeman (the "Husband") to review the trial court's award of attorney fees under OCGA § 19-6-2 to Tabatha Freeman (the "Wife"). The Husband argues that the trial court erred in granting the fees award because, despite the statutory requirements, the trial court failed to make any findings regarding the financial circumstances of each party and awarded the fees to punish his allegedly wrongful conduct. For the following reasons, we agree that the trial court's order failed to support the attorney fees award under OCGA § 19-6-2, and, accordingly, we vacate the award and remand the case to the trial court so that it can consider the financial

circumstances of the parties and enter an order indicating that it has considered the appropriate facts.

The relevant facts show that in 2021, the Wife filed a complaint for divorce against the Husband, seeking an equitable division of property, attorney fees, and short-term alimony. On the day for the scheduled final hearing, April 11, 2023, the parties reached a settlement agreement regarding the division of marital property and the other issues in the case, including an agreement that "each party shall be responsible for their own attorneys' fees incurred in this action." On April 17, 2023, the Wife and her counsel electronically sent the executed agreement, which contained both the Wife and her counsel's signature, to the Husband and his counsel, indicating that they needed to sign the agreement.[1] When the Husband and his counsel failed to sign the agreement, on June 20, 2023, the Wife and her counsel again sent the executed, signed agreement to the Husband and his counsel for their signatures.

The Husband and his counsel still did not sign and return the agreement and on July 17, 2023, the Wife filed a motion to enforce the settlement agreement, which

---

[1] The Wife and her counsel sent the documents using the computer program DocuSign.

also sought attorney fees under OCGA § 19-6-2.[2] The Wife argued that the motion was necessary because of the Husband and his counsel's refusal to sign the agreement; she requested that the trial court direct him to pay OCGA § 19-6-2 fees for the time incurred "working for three months to get a signature, "and also for the time expended filing the motion. Two days after the Wife filed the motion, the Husband returned the executed settlement agreement to the Wife's attorney, and the trial court entered a final judgment and decree of divorce.

In September 2023, the trial court held a hearing on the Wife's request for attorney fees. Relying on the evidence presented at that hearing, the trial court found that the Husband's counsel had originally contested some of the language in the final order, but had agreed to sign the agreement in May 2023. The trial court found that neither the Husband nor his counsel had executed the agreement until July 2, 2023. Additionally, the trial court concluded that the Husband, "through his counsel," "failed to promptly execute the settlement agreement causing a delay" in the entry of the divorce decree. Based on this finding, the trial court granted the Wife's request for attorney fees and, pursuant to OCGA § 19-6-2, ordered the Husband to pay

---

[2] The Wife did not seek attorney fees under any other Code provision.

$2,388.49 to the Wife's lawyer. From that order, the Husband filed a timely application for discretionary appeal, seeking review of the attorney fees award. We granted that application and this appeal ensued.

OCGA § 19-6-2 (a) authorizes a trial court, in divorce and alimony cases, to award "attorney's fees as part of the expenses of litigation[.]" Such an award may be "made at any time during the pendency of the litigation." OCGA § 19-6-2 (a). Whether to award such fees is "[w]ithin the sound discretion of the court, except that the court shall consider the financial circumstances of both parties as part of its determination of the amount of attorney's fees, if any, to be allowed against either party[.]" OCGA § 19-6-2 (a) (1). Trial courts are required to consider the financial circumstances of the parties because the purpose of an attorney fees award under this statute is to ensure "effective representation of both spouses in an action arising out of a divorce." *Cason v. Cason*, 281 Ga. 296, 300 (3) (637 SE2d 716) (2006). See also *Williams v. Cooper*, 280 Ga. 145, 147 (1) (625 SE2d 754) (2006) ("an award under OCGA § 19-6-2 depends on the financial circumstances of the parties, not their wrongdoing"); *Moon v. Moon*, 277 Ga. 375, 378 (6), n.4 (589 SE2d 76) (2003) (given

4

the purpose of a fees award under OCGA § 19-6-2, such an award cannot be "predicated upon a finding of misconduct of a party").

Given the express language of OCGA § 19-6-2, "when awarding fees under this Code section, a trial court must make findings of fact regarding the relative financial circumstances of each party, or otherwise cause the record to show that such ha[s] been properly considered." (Citation and punctuation omitted.) *Rose v. Clark*, 360 Ga. App. 440, 444 (3) (859 SE2d 137) (2021). See also *Lockhart v. Lockhart*, 361 Ga. App. 499, 503 (3) (863 SE2d 174) (2021) ("Findings of fact regarding the relative financial circumstances of each party . . . are prerequisites to an award under OCGA § 19-6-2."). And where a trial court fails to consider the parties' financial circumstances before entering a fees award under OCGA § 19-6-2, such an award must be vacated and remanded. See *Cason*, 281 Ga. at 300 (3); *Moon*, 277 Ga. at 378 (6) (remanding the case when the trial court's order did not state the statutory basis for the attorney fees award nor contain adequate information about the parties' financial circumstances to support an award under OCGA § 19-6-2).

Here, the trial court's order did not indicate that it considered the parties' financial circumstances in making the attorney fees award. Furthermore, the record

5

does not contain a transcript of the trial court's hearing on the fees issue. Ordinarily in the absence of a transcript, we must presume that the evidence supported the trial court's findings. *Roth v. Crafton*, 363 Ga. App. 254, 258 (3) (b) (870 SE2d 804) (2022). In this case, however, because the trial court's order indicates that its attorney fees award was based, at least in part, on the Husband's alleged wrongful conduct — i.e., his delay in executing the settlement agreement, this presumption does not apply. See generally *Gold Kist v. Moody*, 258 Ga. App. 486, 487 (1) (575 SE2d 509) (2002). Thus, because the order indicates that the trial court awarded fees under OCGA § 19-6-2, at least in part to punish the Husband's conduct, and there is no indication that the trial court considered the financial circumstances of both parties as part of its determination regarding the amount of attorney fees, we must vacate the award and remand for proceedings consistent with this opinion.[3]

---

[3] My colleague advocates in his dissent that we should reverse the trial court's award of attorney fees on a ground not asserted by the appellant in this appeal. This we should not do. While this Court "is obligated to address all legal arguments made in support of an enumerated error, even if each specific legal argument was not set forth as a separate enumeration[,]" *North Druid Dev. v. Post, Buckley, Schuh & Jernigan*, 330 Ga. App. 432, 439, n.7 (767 SE2d 29) (2014), appellate courts should not reverse "upon a point not argued before [them] or insisted upon [on appeal], and as to which the defendant in error has had no opportunity to be heard." *Roberts v. Keeler*, 111 Ga. 181, 186 (36 SE 617) (1900). See also *Flat Creek Falls v. Labat*, 369 Ga. App. 90, 94, n.6 (892 SE2d 188) (2023) ("lurking issue" not briefed on appeal

*Judgment vacated and case remanded with direction. Dillard, P. J., concurs, and Padgett, J., dissents.*

---

deemed not before appeals court). This limitation is related to the well-established principle that "it is improper for us to consider whether the trial court was wrong for any reason." (Citation, punctuation, and footnote omitted.) *Earls v. Aneke*, 350 Ga. App. 455, 460-461 (1) (829 SE2d 661) (2019). Accordingly, whatever the merits of the dissent's position, it is not appropriate for us to consider it.

A24A0805. FREEMAN v. FREEMAN.

PADGETT, Judge, dissenting.

I agree with the majority that the trial court erred by granting attorney fees under OCGA § 19-6-2. But I disagree with the majority about the appropriate disposition of this case. Instead of vacating the trial court's decision, I believe the trial court should be reversed.  Therefore, I respectfully dissent.

I fully agree with the majority that the code section cited by the trial court does not authorize the award of attorney fees based upon the existing record. OCGA § 19-6-2 does not authorize an award of attorney fees for alleged wrongdoing. *Johnson v. Johnson*, 284 Ga. 366, 368 (3) (667 SE2d 350) (2008) (any alleged misconduct is irrelevant to an award made under § 19-6-2). The purpose of § 19-6-2 is "to ensure effective representation of both spouses so that all issues can be fully and fairly

resolved." *Rieffel v. Rieffel*, 281 Ga. 891, 893 (2) (644 SE2d 140) (2007) (citation and punctuation omitted). As the majority noted, the trial court is required to consider the relative financial conditions of the parties, and wrongdoing by either spouse, during the marriage or during the ensuing litigation, is not a factor to be considered under § 19-6-2. *Rogers v. Baliles*, 333 Ga. App. 725, 727-728 (776 SE2d 659) (2015). While I fully agree with the majority that an award of attorney fees under OCGA § 19-6-2 was improper, I write separately because I find that the entire issue of attorney fees is foreclosed under the facts of this case.

The trial court entered a final decree of total divorce on July 19, 2023, nunc pro tunc to April 11, 2023. Within that decree, which was consented to by both parties, the trial court specifically ordered, "[e]ach party shall be responsible for their own attorneys' fees in this action." The decree does not directly or indirectly reserve ruling on any issues, including an award of attorney fees.

After the decree was entered, the trial court conducted another hearing on a motion that was pending prior to the decree being entered. On October 5, 2023, the trial court entered an order entitled, "Final Order on Plaintiff's Motion to Enforce Settlement Agreement and Attorney's Fees." The first paragraph of that order provides that the parties stipulated that the final decree of divorce had previously been

2

entered and that the motion to enforce the settlement agreement was filed prior to the date the final decree of divorce was entered.

Under Uniform Superior Court Rule 24.7, no divorce decree shall be granted unless all contestable issues in the case have been finally resolved. This rule was enacted to end the practice of granting a divorce decree as part of a bifurcated process where the trial court enters a decree but leaves issues such as alimony and child custody to be resolved at a later date. *Brochin v. Brochin*, 277 Ga. 66, 67 (1) (586 SE2d 316) (2003). In addressing an analogous factual situation, our Supreme Court found that Rule 24.7 does not prevent the trial court from entering an order on attorney fees after the final decree is entered *where the trial court specifically reserves the issue of attorney fees for subsequent resolution. Brochin*, 277 Ga. at 66-67. In this case, the trial court did not reserve the issue of attorney fees for later resolution. In fact, the court entered an order specifically finding that each party was solely responsible for their respective attorney fees. To revisit the issue of attorney fees months after the decree was entered was improper and amounts to a modification of the decree itself.

I would reverse the trial court because the issue of attorney fees was specifically addressed in the divorce decree and the trial court did not reserve ruling on the issue. That order, which was prepared and consented to by both parties, resolved the issue

of attorney fees stemming from any aspect of the divorce case. To allow one party to go back and relitigate an issue that was specifically addressed within the decree is improper.